GARRETT v. WEINBERG.

1. A DEMURRER that a complaint does not state facts sufficient to constitute a cause of action, may be made at any stage of the proceedings in the Circuit Court.
2. PLEADING—PARTITION.—The allegations in the complaint in this action held to be sufficient to sustain an action for partition. CHIEF JUSTICE McIVER *dissenting*.
3. DEMURRER.—Indefiniteness in statements of fact in a complaint is not ground for demurrer.
4. IBID.—ESTOPPEL.—The defendants in this action could not interpose a demurrer that the complaint contains no allegations of *seizin or possession*, because they are precluded from making that question by the two former judgments of this Court in this case. CHIEF JUSTICE McIVER *dissenting*.

Before KLUGH, J., Sumter, March, 1897.   Reversed.

Action by John A. Garrett, Harriet D. Singletary, John Norton, Davis Norton, George Norton, Mary Norton, Anna Norton, Charles Norton, and Louisa Rushing, by Jacob B. Rushing, her guardian *ad litem*, against Rosa Weinberg and William L. Osteen, for partition.   Demurrer of defendants that complaint did not contain facts sufficient to constitute a cause of action, sustained by Circuit Judge, with permission to plaintiffs to amend.   From this judgment both parties appeal.   The plaintiffs upon the following exceptions:

I. His Honor erred in considering and sustaining the demurrer as to partition, when the case is on Calendar 1, to try the issue of title to the land described in the complaint, as directed by the Supreme Court.

II. His Honor erred in sustaining the demurrer, when all the legal issues raised thereby had already been adjudicated in the case against the defendants.

III. In sustaining the demurrer, when the defendants had pleaded in their answer and submitted to trial the same issues raised thereby, and had waived the right now to interpose this demurrer, if such demurrer could ever have been interposed.

IV. His Honor erred in holding that the law authorizes a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action for partition.

V. His Honor erred in sustaining the demurrer interposed, that the complaint fails to state facts sufficient to constitute a cause of action for partition; whereas his Honor should have held that the Code does not authorize any such demurrer, and that a demurrer for want of sufficient facts can only be sustained when the facts stated in the complaint fail to disclose any cause of action whatever.

VI. His Honor erred in sustaining the demurrer, when upon the face of the complaint it appears that it states facts sufficient to constitute a cause of action for partition.

VII. His Honor erred in sustaining the demurrer, when upon the face of the complaint it appears that it states facts sufficient to constitute a cause of action for the recovery of the land described therein.

VIII. Because even if the complaint did fail to state facts for partition, yet his Honor erred in holding that upon this ground he could not proceed with the trial of the cause of action, which is set forth in the complaint.

IX. His Honor erred in holding that a complaint in partition is fatal as a suit for partition which shows ouster of the plaintiffs by the defendants.

X. His Honor erred in holding that a complaint in partition is demurrable which shows ouster of the plaintiffs by the defendants.

XI. His Honor erred in holding that the complaint herein shows that the plaintiffs have been ousted of the possession

of the premises described therein for more than twenty years before the commencement of this action; whereas he should have held that the period during which the ouster continued is not shown by the complaint.

XII. The length of time during which ouster continued can not affect the question raised by this demurrer, and his Honor erred in not so holding.

XIII. His Honor erred in holding that the allegation in a complaint which shows ouster of the plaintiffs by defendants rendered the complaint for partition fatal and demurrable; whereas he should have held that the fact of ouster can not defeat the title of the plaintiffs to their shares in the land, nor does it destroy their relation to the defendants as tenants in common, nor can it defeat plaintiff's right to demand partition, unless it be pleaded by defendants that the same has continued long enough to quiet their title, and such plea be sustained by the proof.

XIV. That if the presiding Judge erred in sustaining the demurrer, then he also erred in ordering the amendment to the complaint.

Defendants' exceptions are as follows:

That his Honor, the presiding Judge, erred, it is respectfully submitted, in so much of his order as permitted the plaintiffs to amend their complaint pending the trial, in the following particular, to wit: by striking out in the seventh paragraph thereof the words, "purporting to be the entire interest or estate therein;" and by inserting after the word "own," in the tenth paragraph thereof, the words, "and are seized and possessed of."

*Messrs. A. B. Stuckey* and *Thos. S. Moorman*, for plaintiffs, appellants, cite: *Demurrer too late:* 43 S. C., 36; 48 S. C., 28; 37 S. C., 145; 28 S. C., 445; 19 S. C., 384. *Complaint stating any cause of action is not demurrable:* 43 S. C., 36; 23 S. C., 388; 35 S. C., 361; 10 Rich. Eq., 428; 34 S. C., 270. *Faulty statements may be cured by amendment:* 35 S. C., 361; 32 S. C., 142.

*Messrs. Lee & Moise,* for defendauts, appellants, cite: *Taking leave to amend waives right to appeal:* 5 Col., 233; 89 Ind., 151; 62 Ia., 362; 4 Abb. Pr., 468; 15 Abb., 140; 9 Wend., 548; 45 N. Y., 207; 13 Stewart (N. J.), 520; 1 Cow. (N. Y.), 691; 60 Ia., 16; 62 Ia., 77; 87 Ind., 103; 1 N. Y., 126; 9 Wend., 548; 39 S. C., 334; 3 S. C., 606, 31; 2 S. C., 390, 388; 40 S. C., 465. *Answering plaintiffs' 1st exception:* 18 S. C., 222; 48 S. C., 28. *2d exception:* 43 S. C., 36; 48 S. C., 28. *3d exception:* 29 S. C., 64; 17 S. C., 411; Code, 169. *4th exception:* Code, 165, sub. 6. *5th exception:* Code, 165; 18 S. C., 222. *6th exception:* 84 Ind., 308; 1 Gill. & J., 503; 106 N. C., 242; 8 Iredell Eq., 29; 27 Ill., 119; 29 S. C., 369; 9 Pa. St., 461; 26 Col., 76; 3 Paige, 342; 2 Barb. Ch., 398; 25 N. Y. Weekly Dig., 68; 5 S. C., 8; 6 S. C., 68; 20 S. C., 500; 28 S. C., 388; 2 Duer, 673; 4 Ed. Smith, 34; 10 How., 377; 16 Barb., 95; 6 Ad. & El., 482; 13 Barb., 209; 33 S. C., 216; 34 S. C., 62; Rev. Stat., 1948; 9 Cowan, 461; 3 Paige Ch., 245; Harper, 390; 28 Vt., 638; 94 N. C., 338; 1 W. & S., 184; 1 Pa. St., 324; 3 Grant, 177; 25 Am. Dec., 709; 38 Vt., 258; 7 Mass., 475; 13 Pick., 251; 24 Conn., 230; 19 Wend., 367; 5 Denio, 385; 2 Barb. Ch., 98; 36 Ntt., 326; 13 N. J., 271; 2 Lack. Leg. N., 37; 6 Rich. Eq., 426; 48 S. C., 28; Dudley, 20; 26 S. C., 247; 1 Johns Ch., 117; Iredell Eq., 131, 209; 59 N. Y., 426; 46 N. Y., 182. *7th exception:* 18 S. C., 222; 18 S. C., 530; 17 S. C., 410; 9 S. C., 453; 18 S. C., 470; 28 S. C., 396. *11th exception:* 1 Pa. St., 324. *14th exception:* 13 Stewart (N. J.), 520; 1 Cow. (N. Y.), 691; 39 S. C., 634; 40 S. C., 465. *Amendments:* 44 How. Pr., 560; 21 S. C., 240; 24 S. C., 165; 30 S. C., 574; Code, 194; 21 S. C., 26, 221; 30 S. C., 564; 31 S. C., 199; 19 S. C., 565; 24 S. C., 166; 21 S. C., 476; 30 S. C., 574; 31 S. C., 204; 32 S. C., 143; 35 S. C., 367; 43 S. C., 230.

Sept. 6, 1897. The opinion of the Court was delivered by MR. JUSTICE POPE. The complaint was in these words: "The plaintiffs above named, complaining of the defendants

above named, allege: I. That on or about the          day of
November, A. D. 1865, Thomas Garrett, late of said county,
died *intestate*, being the owner in fee of the following de-
scribed real estate, namely, all that piece, parcel or tract of
land, containing 508 acres, more or less, situate in the county
and State aforesaid. (Here follows the boundaries.) II.
That said Thomas Garrett left as his heirs at law surviving
him his widow, Elizabeth Garrett, now Elizabeth Moore, his
son, the plaintiff, John A. Garrett, his daughters, Mary Prit-
chard, Ellen DeLoach, Mariah Norton, and Harriet D. Sin-
gletary, which latter is one of the plaintiffs. III. That said
Mary Pritchard, Ellen DeLoach, and Mariah Morton have
since died intestate. IV. That said Mary Pritchard left no
husband or lineal descendant surviving her. V. That said
Ellen DeLoach left as her only heir at law surviving her,
her grand-daughter, the plaintiff, Louisa Rushing, and being
under the age of twenty-one years, her husband, Jacob Rush-
ing, has been appointed her guardian *ad litem* by the clerk of
the court to prosecute this action in her behalf. VI. That said
Mariah Norton left surviving her as her only heirs at law John
Norton, Davis Norton, George Norton, Mary Norton, Anna
Norton, and Charles Norton. VII. That said Elizabeth
Moore, widow of the said Thomas Garrett, sold and con-
veyed her interest in the said premises, purporting to be the
entire interest or estate therein, to Edwin W. Moise, by her
deed, dated     day of     A. D. 18   , which was recorded
in the proper office in said county, in deed book,     page.
VIII. That by subsequent conveyances, the defendant, Rosa
Weinberg, became and is now the owner of the interest of
the said Elizabeth Moore in two separate parts or parcels of
the tract of land above described—one parcel thereof con-
taining fifty-two acres, more or less (here follow the bound-
aries), and another parcel thereof containing 116 acres, more
or less (here follow the boundaries). And the defendant,
William L. Osteen, is now the owner of the interest of the
said Elizabeth Moore in the remainder of the said tract of
land, containing 339½ acres, more or less (here follow the

boundaries). IX. That the defendants, and those through whom they derived title to the interest of Elizabeth Moore, have received and enjoyed respectively all the rents, income and profits from the above described several and respective parts or parcels of the said tract of land since the death of the said Thomas Garrett. X. That the parties to this action own the real estate above described as tenants in common, their interest being as follows: The plaintiffs, John A. Garrett, Harriet D. Singletary, and Louisa Rushing, are each entitled to one undivided sixth interest in fee thereof; the plaintiffs, John Norton, David, George, Mary, Anna, and Charles Norton, are each entitled to an undivided 1-36th interest in the fee thereof; and the defendants, Rosa Weinberg and William L. Osteen, have each one undivided third interest in fee in such parts or parcels of said tract of land as have been conveyed to them respectively, as above described, subject, nevertheless, to the claims of the plaintiffs for their shares of the rents, income, and profits which have been received and enjoyed by the defendants from the respective parcels in which they own the undivided interests of the widow as aforesaid, and by those through whom they derive title to such interest since the death of said Thomas Garrett. XI. That all the debts of said Thomas Garrett have been paid. XII. That the plaintiffs own no other lands in this State in common with the defendants, and are desirous of a partition of the real estate above described." (Here follows the usual prayer for judgment in partition cases and an accounting for the rents and profits, &c.)

The defendants interposed a demurrer that two causes of action, separate and distinct one from the other, were united in the complaint, which being overruled by the Circuit Judge, on appeal to the Supreme Court this judgment was affirmed. 43 S. C., 39. The defendants filed an answer, went to trial before a jury, and a verdict having been rendered in their favor, after entry of judgment, plaintiffs appealed to this Court, where the judgment of the Circuit Court was reversed, and the cause remanded to the Circuit

Court for a new trial. 48 S. C., 28. When it came up for trial thereafter, as soon as the complaint was read in the presence of the jury, the defendants interposed an oral demurrer, that the complaint failed to state facts sufficient to constitute a cause of action, and reduced the same to writing: "1st. It shows that the plaintiffs have been ousted of the possession of the premises described in the complaint for more than twenty years before the commencement of this action. 2d. It contains no allegation of seizin or possession in the plaintiffs of the premises described in the complaint."

After argument, the Circuit Judge sustained the demurrer, but in his order therefor allowed the plaintiffs to amend. Both plaintiffs and defendants appealed from this order of his Honor, Judge Klugh. The defendants appealed, because he allowed plaintiffs to amend. At the hearing before this Court, plaintiffs consented that the appeal by defendants should be sustained. The plaintiffs' grounds of appeal are fourteen in number, and may be included in the report of the case. We will not consider them *seriatim*, nor as they are presented by appellants, but we trust to be able to answer all the questions fairly arising on the record in our own way.

The effect of this demurrer is that, conceding all the alleged facts as they appear in the complaint, the plaintiffs should not be adjudged to be entitled to any relief as against the defendants. The appellants say, in reply, that this demurrer is faulty and should be overruled: First. Because the facts as alleged in the complaint do show a cause of action against the defendants. Second. Because the allegations of the complaint, when construed in connection with, and in subordination to, the two decisions of this Court in this case itself, do show a cause of action. Section 165 of the Code, in subdivision 6 thereof, provides as a cause of demurrer to the complaint: "That the complaint does not state facts sufficient to constitute a cause of action;" while sec. 169 of the Code provides that "If no such objection be taken either by demurrer or answer,

the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Now, as a matter of fact, the defendants have answered this complaint, and after trial upon the issues raised by the complaint, and answers have been had, yet this demurrer now under consideration is for the first time interposed. But by a long line of decisions, this Court has held that the demurrer now under consideration may be made at any stage of the proceedings in the Circuit Court. See authorities cited at page 76 of the Code of Procedure of 1893. Therefore, the defendants are entitled to make this demurrer now.

To sustain a demurrer, it is necessary to find that some fact, or facts is, or are, omitted which is, or are, necessary to constitute the cause of action. The facts alleged in this complaint are such as plaintiffs suppose necessary to obtain a partition of the lands in controversy between the plaintiffs and the defendants. With this as a guide, let us examine this complaint. 1st. Plaintiffs allege that the land in controversy was owned in fee by Thomas Garrett at the time of his death in November, 1865, and that the heirs at law of Thomas Garrett, at the time of his death, were his widow, Elizabeth Garrett, who is now Moore, and the plaintiff, John A. Garrett, and his four sisters, Harriet Singletary, Mary Pritchard, Ellen DeLoach, and Mariah Norton. 2d. That Mary Pritchard is now dead, leaving no husband or children. 3d. That Ellen DeLoach is dead, but left a child, who is now a minor, giving her name, and that her suit is prosecuted in her name by a guardian *ad litem,* Jacob Rushing. 4. That Mariah Norton is dead, leaving the six children, all minors, who are plaintiffs. 5. That Elizabeth Moore has conveyed her interests in said lands, purporting to be the entire fee, to Edwin W. Moise, and that the defendants, Weinberg and Osteen, now hold the same, and are taking all the rents and profits to themselves. 6. That plaintiffs and said defendants are now tenants in

common—now own the said land. 7. That all the debts of Thomas Garrett have been paid. 8. Then judgment of partition is prayed for. This complaint, so far as this demurrer is concerned, is not to be considered as not fully stating the cause of action. If it is defective for want of definiteness in its allegations of fact, the plaintiffs may be required on motion to make it more definite. *Reed* v. *Railroad*, 37 S. C., 42; *Latimer* v. *Sullivan*, 30 S. C., 111. But a demurrer will not lie for indefiniteness in statement of facts. If Garrett died *intestate* in 1865, seized in fee of these lands, the law devolves his title upon his heirs at law. Were not facts stated sufficient to carry the title to his widow and children? We think so. If it is competent for one heir at law to convey his share by deed before partition, did not Elizabeth Garrett, afterwards Moore, have that right, and did the complaint so allege? Then, were not these facts alleged as to whom the alienee of Elizabeth Garrett had conveyed the lands derived from Elizabeth Moore, formerly Garrett? That the deed from Elizabeth Moore to Moise purported to convey the fee, could not bind as a statement of fact the plaintiff to the truth of such attempt on Elizabeth's part. What is the meaning of the word "purport" in the connection with the other allegations of fact in this complaint? Granted that the plaintiff should have stated the dates of all these transactions—the deaths of Ellen DeLoach, Mariah Norton, and Mary Pritchard, as well as when Elizabeth sold to Moise—that was pure indefiniteness of statement, and was not demurrable. Of what use would have been the allegation of possession by these plaintiffs, if the defendants derived their title through alienations from Elizabeth Moore, who was an heir at law of Thomas Garrett along with the plaintiffs? It seems to us, therefore, from all these considerations, that the complaint was not vulnerable, so far as this demurrer is concerned.

But even if these views are faulty, which we do not admit, it seems that the demurrer was not well taken, under the second proposition of plaintiffs. When a cause has once

been before the Supreme Court on appeal, the judgment of the Supreme Court is conclusive of the issues embraced in the appeal. Our language in the case of *Sanders* v. *Bagwell*, 37 S. C., 135, places the position of this Court very clearly: "The effect of the judgment of this Court, simply reversing the first judgment in the Circuit Court, placed the parties litigant in the same plight and condition they had before any trial of the action, *with this restriction, that they could not again litigate the same matters that had been passed upon by this Court, as evidenced by the opinion of the Court accompanying its judgment.* It may be as well to state in this connection, in answer to so much of the respondent's position, 'that the judgment of the Supreme Court was neither pleaded nor put in evidence;' that it was not necessary to either plead or put such judgment in evidence. All parties were bound at their peril to give such judgment in the identical action between the same parties with the same attorneys instant and continued recognition and obedience." It was no longer in the power of the parties to this action to controvert the fact that there was no misjoinder of actions in the case at bar, for this Court had so decided, and its decision to that effect did not need to be pleaded or offered in evidence; the parties to the action were bound to give such judgment "instant and continued recognition and obedience." And so, too, John A. Garrett was no longer a party litigant under the second judgment in this case of this Court. Nor could the defense of statute of limitations or the presumption of a grant from lapse of time again be brought in question in this case except under the principles announced in Mr. Justice Gary's opinion herein. Not only so, but all the facts necessary to support either the first or second judgments would be so included, where the same were settled in such opinions, respectively. We think that while the sections 165 and 169 of the Code establish the right of the defendants to interpose this demurrer at this time, yet that such right must be subordinated to the two judgments of this Court in this identical case.

To hold otherwise would be to subvert the integrity of a solemn judgment in the very case itself of the Court of last resort.    We think, therefore, when the complaint is considered with relation to the judgments of this Court, the demurrer is not well taken.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Court, to be there tried as heretofore directed.

MESSRS. JUSTICES GARY and JONES concur in result.

MR. CHIEF JUSTICE MCIVER.    I dissent, because I think there was no error on the part of the Circuit Judge in sustaining the demurrer.    Time will not permit me to do more than simply indicate the grounds of my dissent.    There was an entire absence from the complaint of any allegation that either the plaintiffs or their ancestor were ever *seized or possessed* of the land in question, which was necessary to constitute a cause of action for partition.    Nor are the necessary allegations to constitute a cause of action for the recovery of real property to be found in the complaint.    On the contrary, the allegations in the complaint plainly show that the plaintiffs had been ousted from the possession of the land for more than twenty years before the commencement of this action; for the allegation in the first paragraph of the complaint is that Thomas A. Garrett died in November, 1865, and in the seventh paragraph of the complaint it is alleged that the land was conveyed to E. W. Moise, at some date not stated, who subsequently conveyed the same to others, under whom defendants claim; and in the ninth paragraph it is alleged that the defendants and those through whom they derive title to the interest of said Elizabeth Moore, have received and enjoyed *all* the rents, income and profits from the above described several parcels of land *since the death of said Thomas Garrett*—a period of more than twenty years before the commencement of this action, on 31st January, 1893.    I do not understand that any of the questions raised in this demurrer were raised or considered

in either of the previous hearings by this Court, and, therefore, when the judgment was reversed (48 S. C., 28,) and the case remanded for a new trial, the case stood, so far as the questions now raised are concerned, precisely as if there had been no previous trial, and the defendants had the right to interpose the demurrer under consideration—the only limitation upon such right being that no question of law previously decided could be again raised by the demurrer—but no such question is now raised. It is not necessary to consider the question of the amendments to the complaint, because at the hearing of this appeal counsel for plaintiffs distinctly conceded, and such concession was then noted, "that the amendments should be stricken out."