WADE v. THE COLUMBIA ELECTRIC &c. CO.

1. RAILROADS—PASSENGERS—DAMAGES.—If a railroad company discharges with due diligence, and in a suitable manner, all its duties towards its passengers, it will not be liable to a passenger for injuries, when they arise from (1) an act over which the company has no control, (2) the conduct or misconduct of the passenger, to which the company did not contribute, or (3) the misconduct of the passenger, which is the primary cause.
2. NEGLIGENCE—CIRCUIT JUDGE—JURIES AND JURY TRIALS.—When only one inference can be drawn from a given state of facts, the Court must decide if they constitute negligence; but when several inferences may be drawn from them, the question of negligence is for the jury.
3. RAILROADS—PASSENGERS—DAMAGES.—If a passenger's injury result from a rash apprehension of danger, which did not exist, and the injury which he sustains is attributable to rash conduct on his part, he cannot recover for such injury.
4. CHARGE—APPEAL.—A party cannot object if a Judge charges, upon his request, a proposition not responsive to the issues in the case, or if he charges such proposition in terms other than those of the request.
5. PUNITIVE DAMAGES.—The rule as to punitive damages correctly stated.

Before ALDRICH, J., Richland, April, 1897. Affirmed.

Action by Florence J. Wade against the Columbia Electric Street Railway, Light and Power Company on the following complaint:

1. That the said defendant, "The Columbia Electric Street Railway, Light and Power Company," is a corporation, duly incorporated under the laws of the State of South Carolina, and was such corporation at all the times hereinafter mentioned, and engaged, pursuant to their charter, as common carriers in transporting passengers over the line of its railroad in the streets and suburbs of the city of Columbia, in the State aforesaid, in cars owned and operated by defendant, by means of electric power.

2. That on the 23d day of September, 1895, at or about 7 o'clock in the evening, the said plaintiff was received by

said defendant as a passenger on one of its cars, at the Gervais street crossing in Waverly, a suburb of Columbia, going from its Shandon terminus towards and into the said city, the said plaintiff paying the full fare charged for her carriage, and intending to go into said city, the said defendant, in consideration of said payment, agreeing to so carry her.

3. That when the said car thereafter reached what is known as the "Heidt Siding," in the said Waverly, the said car stopped on the main line of the railway track of said defendant in such position that another of defendant's cars going in an opposite direction could pass over said siding, around the car in which plaintiff was seated as a passenger; and it was the duty of said defendant to so move its cars and arrange its switches that the passage of these two cars would be accomplished without injury or peril to any of its said passengers.

4. But the said defendant, not regarding its duties in this regard, caused the said other car to approach this plaintiff's said car with great and dangerous speed, and negligently omitted to have its switch so fixed that said other car would safely pass around this plaintiff's car; but, on the contrary, this switch was not open and the said other car kept upon the main line *past* the switch, and continued to approach said standing car with great and dangerous speed, to the imminent danger of a collision with the standing car and imminent peril to all the passengers therein.

5. That by reason of this apparent imminent danger to the passengers in said standing car, the plaintiff, in common with other passengers, believed that it was unsafe for her to remain in said car, and it was apparently so unsafe; and in order to free herself from such danger, she was obliged to jump from said car, and did so jump, at the only point of said car where egress to her was possible, and in so doing plaintiff was much frightened and greatly injured, her right ankle being badly sprained, so much so that she had to be carried back to her home and put to bed.

6. That by reason thereof the plaintiff was confined to

her bed for three weeks, suffered pain for several months, and was prevented from attending to her labors and duties, was put to great expense for doctor's attendance, medicines and nursing in the attempt to effect a cure, and was otherwise injured, to her damage $2,000.

Wherefore, the plaintiff demands judgment against the defendant for the sum of $2,000 and costs.

The defendants filed the following answer:

The defendant above named, answering the complaint in the above entitled action, alleges:

For a first defense: 1. Admits the allegations contained in the first paragraph of the complaint. 2. Denies each and every other allegation of said complaint.

For a second defense: This defendant alleges upon information and belief that the plaintiff is afflicted with rheumatism, and without notifying the conductor of the car upon which she was riding of that fact, or of any desire to alight from the car at the point mentioned in the complaint, of both of which facts he was ignorant, the plaintiff carelessly alighted and jumped from the car without assistance, and thereby herself caused the injury; after being warned and told by the conductor that there was no danger of a collision with the car standing in front of the one upon which she was riding; and that if any injury and damage happened to said plaintiff, it was not caused by any negligence on the part of the defendant or their servants, but was owing to her own negligence and fault as aforesaid.

Wherefore, the defendant demands that the complaint be dismissed with costs.

Judgment for plaintiff for $400, from which defendant appeals.

*Messrs. John T. Sloan* and *Wm. H. Lyles*, for appellant, cite: *Rule as to contributory negligence:* 30 N. J. Eq., 604; 42 N. J. L., 180; 63 N. C., 346; 101 Mass., 455; 31 Gratt., 200, 812; 62 Ind., 301; 6 Whar., 311; 43 Ia., 109; 55 Ia.,

109; 19 Conn., 507; 76 Ind., 291; 57 Ia., 444; 61 Cal., 326; 62 Cal., 320; 5 Hous., 599; 94 Ind., 598; 95 Ind., 286; 51 Ia., 419; 61 Ind., 340; 136 Mass., 366; 61 Miss., 468; 45 N. J. L., 368; 45 N. J. L., 520; 20 S. C., 219; 59 Texas, 373; 79 Ky., 442; 14 Bush., 578; 22 Minn., 165; 4 Rich., 228; 15 S. C., 450; 19 S. C., 24; 77 Wis., 160; 39 Wis., 129; 47 Wis., 406, 422; 5 Brad., 77; 17 Ill., 444; 74 Wis., 433; 76 Mich., 31; 9 Rich. L., 88. *Rule as to exemplary damages:* 29 S. C., 381; 3 S. C., 599; 21 S. C., 599; 22 S. C., 477; 28 S. C., 261; 10 Pet., 81.

*Messrs. Robert Aldrich* and *R. W. Shand,* contra, cite: *Rule as to contributory negligence:* 30 S. C., 166; 15 S. C., 450; 114 N. C., 728; 25 L. R. A., 296; 3 Man. & R., 105; 4 Am. Neg. Cases, 664. *Judge need not charge exact words of request:* 587. *Passenger may jump to avoid danger:* 45 S. C., 160; 25 Am. Rep., 162; 37 Am. Rep., 386; 7 L. R. A., 843.

Feb. 16, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. In order to understand clearly the questions raised by the exceptions, it will be necessary to report the complaint and answer.

The first exception is as follows: 1. "Because his Honor, after charging the jury that 'the defendant company, as a common carrier, is required by law to discharge each and all of these duties in a reasonable and safe and ordinary and proper manner; and, if it is in default, if it is wanting in the proper care and attention to these matters, and through its negligence—that is, the want of ordinary and proper care—a passenger who is upon this train, being transported under a contract for hire, is injured, then the railroad company is liable for such injuries,' he proceeded to charge: 'If the railroad company, on its part, is properly discharging with due diligence, and in a suitable manner, its duties, and a passenger is hurt from a cause disconnected, over which the railroad has no control,

or if the passenger is hurt by reason of his own conduct or misconduct, and the act or doing of the railroad company in no way contributed towards it, or if the passenger's misconduct was the primary or real reason of his or her injury, the railroad company would not be responsible;' thereby indicating (1) that even though the railroad company was properly discharging with due diligence, and in a suitable manner, its duty, it would be liable for injuries caused to the passenger, unless the cause of such injury was wholly disconnected with the operation of the train; and (2) that even if the injury resulted from a cause to which the plaintiff contributed in any way, the railway company would be liable, if its act in any way contributed to the injury." When the entire sentence is read, it will be seen that there are three contingencies mentioned under which the railroad company would not be responsible. · The construction of his Honor's language, for which the appellant contends, cannot be sustained: 1st. Because the words, "or if the passenger's misconduct was the primary and real reason of his or her injury, the railroad company would not be responsible," show that it was free from error; and 2d. Because, when the entire sentence is construed in connection with the subsequent charge of the presiding Judge, upon the question of contributory negligence, it also negatives the construction for which the appellant contends. The subsequent charge to which we refer is as follows: The defendant requested the presiding Judge to charge: "That if the jury believe from the evidence that the plaintiff contributed to her own injury, or if, by the exercise of ordinary care, she might have avoided the consequences of defendant's negligence, she is the author of her own wrong, and cannot recover," his Honor said: "That is taken from the case of *Freer* v. *Cameron*, 4 Richardson, and *Renneker* v. *So. Ca. Railroad Co.*, which are two cases decided in this State, and the request does state a correct proposition of law, and I so charge it to you; but I will have something else to say along that line in connection with some of the other requests." The defend-

ant also requested his Honor to charge: "That if the jury believe from the evidence that the injury complained of was caused by the mutual default of both parties, they must remain *in statu quo*, for there can be no legal injury where the mischief is the result of the common fault of both, and she cannot recover." His Honor said: "That is correct; if both are equally responsible legally for the injury, she cannot recover." The first exception is overruled.

The second exception is as follows: 2. "Because his Honor, the Circuit Judge, refused to charge, as requested by the defendant, that if the jury believe from the evidence that the plaintiff was injured by jumping from the car, in spite of being warned by the conductor not to jump off, and being told there was no danger, and that she was wanting in ordinary care, and is chargeable with contributory negligence, she cannot recover." The presiding Judge said: "I cannot charge you that proposition in the terms in which it is stated; because, whether she was warned by the conductor not to jump off the car, is a question of fact, and whether the conductor's warning her not to jump off the car, and afterwards jumping, constituted contributory negligence on her part, is a question of fact also for you. If the jury were to find that a person of ordinary and reasonable sense and prudence would have jumped, notwithstanding the warning, because of an honest belief that the danger was there and then impending to her life or her person, then she would be excusable and would have a right to jump, no matter if the conductor did warn her. Those are questions of fact which you must determine from the testimony." The error in this request is that it implies, as matter of law, that the plaintiff was guilty of negligence, if she jumped from the car and was injured, in disregard of the warning mentioned in the request; whereas, whether a disregard of such warning constituted negligence, was a question to be determined by the jury. In a case where only one inference can be drawn from a given state of facts, then, whether they constitute negligence, is a question of

law to be decided by the Court. But where, as in this case, the facts are susceptible of more than one inference, then the question of negligence must be left to the consideration of the jury, under proper instructions from the Court—negligence being a mixed question of law and fact. This exception is overruled.

The third exception is as follows: 3. "Because his Honor, in modification of defendant's request to charge, charged as follows, to-wit: 'That is correct, because where one acts rashly and not in accordance with what persons of average or ordinary sense and intelligence would do, and that rash conduct contributed to the injury, and the injury would not have existed save for her rash conduct, why then she could not recover, and I so charge you;' thereby indicating that even if the plaintiff contributed to her injury, she could recover unless her negligence was the sole cause of the injury." The defendant requested the presiding Judge to charge: "That if the jury believed from the evidence that the plaintiff's act in jumping from the car resulted from a rash apprehension of danger, which did not exist, and the injury which she sustained is to be attributed to rashness and imprudence, she is not entitled to recover;" whereupon his Honor charged the request in the language set out in the exception. The intention of the presiding Judge was simply to present to the jury the proposition of law embodied in the request, in different language, but not to limit the proposition of law stated in the request in any manner. His language was explanatory, and when construed in connection with the request, and other portions of the charge, was not misleading. This exception is overruled.

The fourth and fifth exceptions are as follows: 4. "Because his Honor refused the request of the defendant to charge as follows: 'The plaintiff cannot recover exemplary damages in this case unless the jury find that the injury was caused by the malicious, oppressive or reckless negligence of the company's servants.'" 5. "Because, in con-

4    nection with his refusal of the request last above
referred to, his Honor charged as follows: to wit:
'Now, exemplary damages, sometimes termed "smart money,"
is given where one has injured another by his rash conduct,
by being guilty of malicious conduct—that is, doing a thing
intentionally, by oppression, guilty of oppression, or doing
acts in a reckless, wanton way, from which injuries result,
such as recklessness.    In such cases, where there is mali-
cious oppression and recklessness, and these acts cause injury
to a person, then the jury, as an example, to deter others in
like circumstances from repeating such acts, and to punish
them for such conduct, may find damages of that character,
exemplary or punitive damages.    Now, for this case, if the
testimony has satisfied you that the plaintiff is entitled to
recover, you will award her such damages, not exceeding
$2,000, as you may think, under the testimony in the case,
she is entitled to;' thereby indicating to the jury (1) that
punitive damages, or smart money, is given as a matter of
right, and if they found the existence of the facts referred
to, it was their duty to give it, and that it was not a matter
suitable for their discretion; and (2) that mere recklessness
or rashness would justify the jury in awarding punitive
damages; and (3) thereby indicating that, under the issues
joined, the jury might award her damages in excess of the
compensatory damages for which she may have proved her-
self entitled."    The plaintiff did not claim punitive dam-
ages, nor did she present any requests to charge as to such
damages.    When the defendant requested the presiding
Judge to charge, as stated in the fourth exception, he said:
"I cannot charge you that request in the terms there stated.
I will instruct you the law governing it."

After charging the plaintiff's requests in regard to dam-
ages, his Honor then said: "Damages are asked in this
complaint.    You heard the testimony upon that subject.
I need call your attention to two or three kinds of damages
known in the administration of justice.    One is compensa-
tory damages, by which term is meant that persons are enti-

tled, if the jury find that they are entitled to that kind of damage, to such compensation as will make them whole, pay for the actual loss they have sustained and for the loss that has accrued from the result of such injury." The presiding Judge then proceeded to charge, as stated in the fifth exception. As hereinbefore stated, the plaintiff did not claim punitive damages, and the request was, therefore, not responsive to any issue made by the pleadings. But even if it was such a request as should have been charged, the defendant got the benefit of the proposition of law therein contained, in language which explained the law more fully than the request itself. A Judge is not compelled to charge in the exact language of a request, and the party presenting the request has no cause of complaint if the proposition of law contained in the request is charged in different language, as was done in this case. The fourth exception is overruled.

After a careful reading of the language of the presiding Judge, set forth in the fifth exception, we fail to see how it indicates that for which the appellant contends. The word "malicious" is used several times in connection with the oppression and recklessness therein mentioned; and the word "may" is used in speaking of the jury's right to award punitive damages, under the circumstances therein mentioned. The words, "you will award her such damages, not exceeding $2,000, as you may think, *under the testimony in the case,* she is entitled to," show that the jury could only find a verdict for such damages as were warranted by the testimony. The fifth exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.