NORTHERN PAC. RY. CO. v. WENDEL.

(Circuit Court of Appeals, Ninth Circuit.   October 7, 1907.)

No. 1,426.

1. MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—EVIDENCE.

In an action by an employé to recover for an injury resulting from the breaking of a belt used to run a planing machine, the alleged negligence of defendant being the use of a belt which was decayed and defective by reason of its age, it was not error to admit evidence offered by plaintiff to show that the knives of the machine were dull at the time, and the gauge inaccurate, not to establish an independent and different act of negligence, but as showing conditions likely to be met with and affecting the strain on the belt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 920.]

2. SAME—QUESTIONS FOR JURY.

In an action by an employé to recover for an injury resulting from the breaking of a belt alleged to have been due to its age and defective condition, evidence that the breaking might have been due to other causes *held* insufficient to entitle defendant to the direction of a verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

3. SAME—ASSUMPTION OF RISK.

A workman, who was injured by the breaking of a belt used to run a machine, due to its weakness from age and from a recent splicing, although he had operated the machine for some years, cannot be held to have assumed the risk from such danger, where it is not shown that he knew the age of the belt, or what the life of such a belt was, or that the splicing would increase its tendency to break.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 575.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where the evidence on an issue of contributory negligence, in an action by an employé to recover for an injury, is conflicting, the question is one for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

5. SAME—ASSUMPTION OF RISK.

A servant engaged in operating a machine by standing at its side, instead of behind it, where its construction contemplated that the operator should stand, did not thereby assume the risk of injury from the breaking of a belt which was greater there than at the rear of the machine, where there was no obvious danger in the position taken, and in fact no danger at all if the appliances were sound, while the position behind the machine was obviously dangerous from other causes, and it was customary for all operators to stand at the side.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 560.]

6. SAME—DAMAGES—EVIDENCE—EARNING CAPACITY.

In an action by a servant employed as a car repairer to recover from the master for a personal injury, where it was shown that he was a carpenter by trade, on the question of damages, evidence of his disability caused by the injury was not limited to the effect on his earning capacity

as a car repairer, but it was competent to show the effect on his capacity to earn wages as a carpenter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 490.]

**7. Master and Servant—Injuries to Servant—Instructions—Effect of Contributory Negligence.**

In an action by a servant against the master to recover damages for a personal injury, an instruction that plaintiff's contributory negligence would not preclude his recovery, unless without it the defendant's negligence could not have caused the injury, was not erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 796.]

In Error to the Circuit Court of the United States for the District of Montana.

The defendant in error was the plaintiff in the court below in an action against the plaintiff in error to recover damages resulting from personal injury. He alleged in his complaint that, while employed as a car repairer for the plaintiff in error and operating a planing machine driven by a belt, his right arm was broken by the parting of the belt; that the cause of the breaking of the belt was that it was old, decayed, and defective; that the plaintiff in error had negligently allowed it to remain so, and had negligently failed to box it. The answer denied the alleged negligence, and pleaded contributory negligence, and averred that, as to the unboxed belt, the defendant in error had assumed the risk. On the trial it was shown that the defendant in error was a carpenter of 34 years' experience. For six or seven years he had worked as car repairer in wood and iron in the shops of the plaintiff in error. It was his duty to operate the planing machine, which was the only machine of that kind in the shops, and the one he had always operated, and which he had used some times every day and at other times every second or third day. The belt had never been boxed. Just how long the belt had been in use was not proven, but there was evidence that it had been used at least 12 years before the time of the accident, and that it had turned black from age. It had been spliced a short time before the accident, when a piece had been cut off one or both ends, and a new piece had been inserted to restore it to its former length. There was evidence that a belt is weakened by splicing, and that its weakest part is at the point of lacing. It was proven that the life of a belt used under the conditions which attended the use of the belt in question is ordinarily from six to seven years.

Wallace & Donnelly (William Wallace, Jr., of counsel), for plaintiff in error.

Walsh & Nolan and T. J. Walsh (T. J. Walsh and C. B. Nolan, of counsel), for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is assigned as error that the court admitted testimony that the knives of the planing machine were dull at the time when the defendant in error sustained his injury, and that the machine did not cut exactly as indicated by the gauge. The argument is that since the only specification of negligence in the complaint was that the belt was old, decayed, and defective, and that it should have been boxed, it was a variation from the cause of action alleged to permit the defendant in error to prove that the knives of the planer were dull, or that the gauge was inaccurate, and that, if the belt was good enough to stand the

strain of operation when the knives were properly sharpened, or when all the other parts of the machine were as they ought to be, then the duty of the plaintiff in error as to the belt was fully performed. It is true that, in actions for negligence, the rule applies, as in other cases, that the proofs must conform to the pleadings, and that recovery cannot be had on proof of negligent acts other than those specifically alleged, or, in other words, a plaintiff will not be allowed to plead one kind of negligence and prove another. But we do not see that that rule has been violated in the present case. There was proof tending to sustain the allegation that the belt was old, decayed, and defective. There was evidence that it had been in use long after the term of the usual life of such a belt; that it was run at great speed, was subjected to considerable pressure, and had been spliced shortly before the time of the accident; and that the splicing of itself tended to increase the strain. The evidence that the knives were dull was neither offered nor received as proof of negligence, but as proof of one of the conditions attending the use of the belt and the machine. There is nothing to show that the dulling of the knives was not one of the usual or occasional conditions to be reckoned with in the use of such a machine. That the knives were likely to become dull by use would appear to have been a fact to be dealt with in measuring the strength of a belt and in furnishing the defendant in error safe machinery with which to work. It may be true that, if the knives had been kept perfectly sharp, the belt would not have parted. But that fact would not relieve the plaintiff in error of responsibility for not furnishing a belt of sufficient strength to meet the usual and ordinary strain of the work which the defendant in error was called upon to do.

Some of the foregoing considerations are applicable also to the assignment of error that the court denied the motion of plaintiff in error to direct a verdict in its favor at the close of all the evidence. In this connection, the plaintiff in error invokes the doctrine of Patton v. Railroad Company, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, in which it was said that where the testimony leaves the matter uncertain, and shows that any one of several causes might have brought about the injury, for some of which the employer is responsible, and for others of which he is not, it is not for the jury to guess between these causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion; and it is argued that in the present case there were three possible causes of the breaking of the belt, first, its own weakness, second, too great a strain due to dull knives, and, third, too great a strain due to too deep a cutting resulting from the inaccuracy of the gauge indicator, and that the evidence leaves it uncertain which of these was the producing cause. Whatever may be said of the force of the evidence, we think it is clear that the case was not one to be taken from the jury. As to the age of the belt and its weakness, there was testimony sufficient to go to the jury. Concerning the relation which the gauge bore to the strain which produced the accident, the evidence was conflicting. The defendant in error expressly denied that at the time when the belt parted he was making too deep a cut on the board, or placing an unusual strain on the machine. The question whether or not through a

defective gauge, or otherwise, the defendant in error was making a cut deeper than ought to have been made, was for the jury to answer. As to the dullness of the knives, there is nothing to show that in the use of such a machine the contingency of their dullness was not one of the usual incidents attending the use of a planing machine, and that the strain thereby produced was not to be expected and provided for. In instructing the jury, the court properly confined their attention to the question whether or not the plaintiff in error was negligent in omitting to use due care to provide a reasonably safe belt, and instructed them that if they found that the belt broke because it was old, decayed, or defective, the defendant in error would not be entitled to recover unless the plaintiff in error, through its agents, knew, or in the exercise of reasonable diligence ought to have discovered, that it was old, decayed, or defective, considering the work which it was expected to accomplish and the strain that might be put on it. There was evidence that the belt parted by tearing out the holes where it was laced in splicing, and the court instructed the jury that the burden was upon the plaintiff in the action to show by a preponderance of the evidence that the belt parted or broke because of the tearing out of the holes, rather than the breaking of the lacing.

One of the grounds on which it is said that the court should have directed the jury to return a verdict for the plaintiff in error is that the defendant in error assumed the risk, and that he had had long experience in operating the machine and knew how to loosen the belt by means of the feed lever and thereby relieve the strain. To this it is to be said that there is no evidence whatever that the plaintiff in error knew how long the belt had been in use, or what the life of such a belt was, or what strain it would sustain, or that the splicing of the belt would increase its tendency to break. If he had knowledge of these things, it was for the plaintiff in error to produce the evidence thereof. It will not be presumed that he knew, and the trial court would not have been justified in ruling that the defendant in error assumed such risk.

But it is said that the case should have been taken from the jury on the ground that the evidence showed the defendant in error to have been guilty of contributory negligence, in that he tried to make too deep a cut with the planer, and that he stood beside, instead of behind, the machine. The defendant in error testified that the plank was a little over two inches thick, and that to reduce it to an inch and three-quarters he divided it into two cuts, but that he did not remember what thickness of cutting he set the gauge for on the particular cutting which was being made when the belt broke. He testified further:

"I don't think that a quarter of an inch or an eighth of an inch, or even half an inch, would bring about a strain on the machine if it was in good order. If it was hard wood, it would be harder to plane if the thickness was increased. As a rule, the strain is the same in taking off a sixteenth of an inch or an eighth of an inch or a quarter of an inch. There is no difference to speak of."

One of the witnesses for the defendant in error testified that a fair cut upon a machine of that kind would, on that particular width of timber, be an eighth of an inch. Another testified that similar ma-

chines cut to the depth of five-eighths of an inch, and that one-half an inch is very common. A witness testified that he measured the thickness of the particular cut which was being made at the time of the accident, and found it to be a quarter of an inch. Another testified that he measured the cut and found it was five-sixteenths of an inch. Surely, in view of this conflict in the testimony, there was no question of law presented to the trial court as to the contributory negligence of the defendant in error in setting the machine to make too deep a cut.

As to the position in which the defendant in error stood while operating the machine, he testified that it was more dangerous to stand behind the machine than at its side, and one witness, a machinist, testified that "a man would be a fool" to stand behind the machine when it is in motion. There was competent evidence that the men in the shop operating the planer always stood at the side of the machine. In Prosser v. Montana Central Ry. Co., 17 Mont. 372, 43 Pac. 81, 30 L. R. A. 814, it was said:

"But when it does not appear that the act is positively negligent, we are of opinion that it is competent to show the usage or custom of competent and prudent persons in performing the act. In the case at bar, it did not appear that the act of plaintiff was negligence per se. He carefully performed his duties with the means supplied him for their performance, and we think it was competent to show, under those circumstances, that persons experienced in the performance of the same act, under the same circumstances, performed it as did the plaintiff."

But it is urged that the defendant in error did not stand in the position which the construction of the machine contemplated that he should stand; that he chose a different place, and thereby created a hazard of being struck by the broken belt; and that his selection of a position by the side of the machine could not be justified, either by the fact that others had done so before him, or that the hazards of the position at the rear of the machine, though different, were greater than those at the side. In support of this argument, Demers v. Deering, 93 Me. 272, 44 Atl. 922, is cited. In that case it was held that the relative rights and duties of master and servant arise from the contract of employment, and that if a servant worked in a place not appointed by the master, and so not within the purview of the contract, the latter did not owe the former any duty with respect to that place, for the servant took whatever risks there were, and, if the occupation were apparently hazardous, he would be guilty of contributory negligence, and could not recover if his own negligence contributed to the injury. The court said:

"But the plaintiff contends that the place where he stood was the usual place that men had stood in before that time, doing the same work; that the defendant knew it was the usual customary place; and that, by setting the plaintiff to work without instructions, the latter had a right to assume that he was expected to work where those before him had worked. * * * But, assume it to be so. The plaintiff even then assumed, not only the risks naturally incident to the business, but also the obvious risks of working in that place. * * * And it seems to us obvious that a man standing between the rolls along which all the products of the rotary saw must be pushed, as this machinery was situated, was likely to be struck by it."

That decision was made with reference to the facts of the case before the court, in which it appeared that the plaintiff had been injured by a plank pushed along the rolls which carried the product of a rotary saw. The movement of the product of the saw was referred to as an obvious risk visible and apparent to the operative. In the present case, there was no such obvious risk. There was no risk at all, so far as the evidence goes, if the appliances of the plaintiff in error had been sound and such as they should have been. On the other hand, the position behind the machine was a dangerous one, and attended with obvious risks. It was in evidence that the defendant in error had once been standing there when a plank which was being planed flew back and injured him so seriously that he was not able to work for a year, and there was evidence that, in the position behind the machine, an operative would have been obliged to stand close by a rapidly revolving shaft, and would have been in peril of having his clothing caught therein. In view of the fact that there was no obvious or apparent risk in the position which the defendant in error and the other operatives of the mill occupied when using the planing machine, we think that it was not only permissible for the defendant in error to choose the position which appeared the least hazardous, but that it was his duty to do so in the exercise of ordinary and reasonable care for his own safety.

It is contended that the court erred in admitting testimony as to the impairment of the capacity of the defendant in error to work as a carpenter at his trade, by reason of the injury which he sustained. The objection to this testimony was that the only impairment of the capacity of defendant in error to labor which had been pleaded was as to his capacity as a car repairer. The evidence so admitted was that of a witness, who testified that, after the defendant in error was hurt, he could not earn carpenter's wages. The testimony, as we regard it, was offered as evidence of physical disability resulting from the injury. It had been shown that he was a carpenter by trade. It is true that when injured he was working as a car repairer, but that may be regarded as a branch of carpenter's work. The complaint did not allege loss of capacity as car repairer, or of any particular capacity, but alleged damages in general. It was not error therefore to admit the evidence so objected to.

Error is assigned to the refusal of the court to instruct the jury that if the defendant in error was at fault in any manner, however slight, he could not recover, and it is contended that the instruction which the court gave to the effect that, despite his contributory negligence, the plaintiff could recover, unless without it the defendant's negligence could not have caused the injury, is the declaration of a doctrine of comparative negligence, which, while recognized in some states, is denied in Montana, and generally in the states of the Union. In answer to this, it is sufficient to say that the instruction so given was entirely in harmony with the doctrine approved in Delaware, etc., Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213, and Railroad Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506, and it is not contrary to the decision in Wastl v. M. U. Ry. Co., 24 Mont. 160, 61 Pac. 9, cited by the plaintiff in error.

The judgment is affirmed.