### CITY OF MANCHESTER v. LANDRY.

(Circuit Court of Appeals, First Circuit. October 24, 1912.)

#### No. 980.

1. COURTS (§ 365*)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A decision of a state court of last resort that a municipal corporation, acting through a subordinate statutory organization, may be liable for negligence in the construction of public works, is binding on a federal court in a case subsequently arising, where the circumstances are such as to raise the same question of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*]

2. MASTER AND SERVANT (§ 125*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—DEFECTIVE APPLIANCES.

A master is liable for an injury to an employé through the breaking of a hook, furnished for his use, which was made of unsuitable material, where it had been in use for two months, although it was originally put in use through the negligence of a fellow servant of the injured employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 201*)—MASTER'S LIABILITY FOR INJURY TO SERV-
ANT—CONCURRENT NEGLIGENCE.
   A master, through whose negligence a servant is injured, is not re-
lieved from liability because the negligence of a fellow servant concurred
in producing the injury.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
515–534; Dec. Dig. § 201.*]

4. EVIDENCE (§ 514*)—SUBJECTS OF EXPERT TESTIMONY.
   In an action for injuries to a servant by the breaking of a hook made
of steel, instead of malleable iron, the difference in practical operation
between hooks made of the different materials was a proper subject for
expert testimony.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2319–2323;
Dec. Dig. § 514.*]

In Error to the District Court of the United States for the Dis-
trict of New Hampshire.

Action by Joseph Landry against the City of Manchester. Judg-
ment for plaintiff, and defendant brings error. Affirmed.

George F. Morris, of Lancaster, N. H. (Oscar F. Moreau, of
Manchester, N. H., and Drew, Shurtleff & Morris, of Lancaster,
N. H., on the brief), for plaintiff in error.

Henry F. Hollis, of Concord, N. H. (Alexander Murchie and
Robert C. Murchie, both of Concord, N. H., on the brief), for de-
fendant in error.

Before COLT, PUTNAM, and DODGE, Circuit Judges.

PUTNAM, Circuit Judge. This is a writ of error taken from a
judgment for the plaintiff in the District Court for the district of
New Hampshire. The record shows a very considerable group of
alleged errors; but, on the whole, we find only a few that require
attention. The declaration, so far as we need recite it, is as fol-
lows:

"On * * * the 26th day of October, 1910, said defendant corporation
was voluntarily and for its own benefit constructing a certain sewer in the
northerly part of said Manchester, on River road near 'Stark Park,' so
called, and owned, managed, and operated certain carriers, cables, chains,
hoists, mats, and mat hooks in the construction of said sewer, and said plain-
tiff was then and there in the employ of said defendant as a servant; that
said defendant set said plaintiff at the work of handling certain chains or
guys to hold a certain steel cable in position over said sewer, whereupon
it became and was the duty of said plaintiff to handle said chains or guys
so as to hold said cable in position, and to fasten and unfasten said chains
or guys as directed, and it thereupon became and was the duty of said defend-
ant then and there to provide and maintain for said plaintiff * * * rea-
sonably safe machinery and appliances, * * * in performing the duties
of his employment as aforesaid; * * * that said plaintiff was then and
there in the exercise of due care.

"Yet said defendant, carelessly and negligently, and in breach of its duty
to said plaintiff, as aforesaid, * * * failed to provide and maintain
* * * reasonably safe machinery and appliances, * * * but, on the con-
trary, then and there carelessly and negligently set said plaintiff to work
as a part of his said employment handling said chains or guys, and fastening
and unfastening the same, * * * with unsafe and unsuitable machinery
and appliances; * * * that while said plaintiff was then and there at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

work handling one of said chains or guys as aforesaid, and in the exercise of due care, said plaintiff being unaware of the dangers of his employment, and not having been warned or instructed with regard thereto, a certain defective and unsuitable mat hook broke, causing said cable to vibrate, and said chain or guy to whip about violently, and to catch said plaintiff about the body and throw him with great force into said sewer, * * * all on account of said defendant's negligence, carelessness, and breach of duty aforesaid, so that said plaintiff was grievously injured, * * * to the damage of the plaintiff."

The verdict and judgment of the District Court were for the plaintiff, with damages assessed at the sum of $8,500.

The work of construction in this case was done by a statutory board, known as the "board of street and park commissioners." Some question arose whether the work of construction was that of building a sewer, with highway work incidental thereto, or in the way of constructing a highway, with the sewage work incidental thereto. We are not clear that this distinction is of any importance in any event, but the jury found specially that the work was for "sewage purposes." This finding involved so largely questions of fact in the broad sense of the expression that it is not in our power to set it aside, and from what we have learned of the case we would not be inclined to if it were.

[1] The main contention is that, inasmuch as the work was done by the board we have named, and the plaintiff was employed by that board, the city could not in law be held responsible for what occurred. Many propositions were submitted to us pro and con as to this; but we have carefully examined the opinion in Lockwood v. Dover, 73 N. H. 209, 61 Atl. 32; and the statutory circumstances to which we have referred are, so far as we can discover, the same there as here. In that case the city of Dover was held responsible. Although the decision was by a divided court, we regard it as conclusive on us on this writ of error. Inasmuch as Lockwood v. Dover was decided before the rights in the pending case arose, and was strictly local in its character, we are concluded by it; and we are inclined to think, we should not vary from it if we were not thus concluded. We will add that, notwithstanding the suggestions to the contrary, it never has been doubted or modified in any subsequent New Hampshire case.

So far as the alleged fault described in the declaration is concerned, it is claimed to have grown out of the use of a hook made of steel, instead of malleable iron, at a point which was liable to great and sudden strain, and that steel is brittle, and was unsuitable for this purpose. The verdict of the jury necessarily sustained the position of the plaintiff in this particular; and it is so absolutely clear, on a question of this character and on the evidence here, that we have no jurisdiction to disturb the verdict that we give that point no further explanation.

[2] It seems that, some months before the accident happened, the hook in question, which was properly constructed, gave out, and the foreman went to a blacksmith shop on the premises to obtain a new hook. The blacksmith looked about his shop, and, find-

ing nothing else, fashioned out a hook from a piece of steel which he found incidentally at hand. It was the breaking of this hook which brought about the plaintiff's injury. If this substitution had occurred contemporaneously with the accident, or even within a very short time before it, the case would probably have been the usual case arising from the mere negligence of a coemployé, and therefore would have given the plaintiff no right of action against the employer. The fact was, however, that the unsuitable hook had been in place for two months, so that the employer, with the usual inspection which it might have been expected to make, is chargeable with the condition as it existed; and the case, therefore, is one which did not relieve the employer from the duty of furnishing proper tools and appliances which rested directly upon it, as has been settled in the federal courts by a long line of decisions of which we need refer to only two, namely, Texas & Pacific Railway Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136, and Stevens v. Chamberlin, decided by us, and reported in 100 Fed. 378, 382, 40 C. C. A. 421, 51 L. R. A. 513, et seq.

[3] It is said that the engineer, who had charge of operating the hoist to which the hook appertained, applied suddenly the full power of his engine in a way that the employer was not called upon to anticipate, and that the plaintiff was himself in fault; but we find on these propositions no such preponderance of proof as would justify us in interfering as a court of law. In fact, we may say we find no tangible evidence whatever. So far, moreover, as the first proposition is concerned, it is sufficient that the employer was found at fault; as, by well-settled rules of law, the plaintiff would not be barred from recovering merely because the negligence of the engineer concurred with that of the employer.

Neither is there anything to sustain the claim that the assumed or proved knowledge of the plaintiff with reference to the circumstances was such as, in any view of the law, would relieve the defendant. Inconsistently with this point made by the defendant, it insists that there was no probability that a steel hook would break where an iron hook would not; and it claims that the evidence of plaintiff's expert is to this effect. Indeed, this question of difference between an iron hook and a steel hook is not commonly understood, and especially would not be presumed to be understood, by a man of the plaintiff's shown experience and condition of life. This entire question, as well as any possible suggestions with reference to alleged assumption of risk by the plaintiff, which is directly connected with the topic of the extent of his knowledge as to the nature of the hook, is on the record so clearly for the jury that we do not think we should have been asked to pass upon such a proposition.

[4] In this connection an exception was taken to the permission of the court to allow an expert to testify in reference to the practical conditions in operation between the different kinds of hooks. This is clearly a topic outside the common line, and the

case could not properly have been tried to a jury without the assistance of the explanations of witnesses of that character.

It does not seem to us that the other questions raised by the city require that we should pursue this opinion further.

The judgment of the District Court is affirmed, with interest, and the defendant in error recovers his costs of appeal.