METROPOLITAN REDWOOD LUMBER CO. v. DAVIS.

(Circuit Court of Appeals, Ninth Circuit. May 12, 1913.)

No. 2,204.

1. MASTER AND SERVANT (§ 103*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—MASTER'S LIABILITY.

Where a servant in a logging camp was injured by the breaking of a defective cable attached to a large block containing a swivel used in dragging logs in the woods to a loading platform by means of a steel cable attached to an engine, it appeared that such block and its attachment was a permanent appliance intended to be used as long as logging operations at the place where it was located continued, the fact that defendant had furnished the foreman with a proper cable which he could have used to fasten the block did not relieve defendant from liability; the rule that when the master has exercised ordinary care to furnish reasonably safe and suitable materials in the construction of appliances for use in the work, the character or place of which necessarily changes as the work progresses, the duty of exercising reasonable care to construct such appliances is that of the employés and not of the employer, being inapplicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 175; Dec. Dig. § 103.*]

2. MASTER AND SERVANT (§ 235*)—INJURIES TO SERVANT—APPLIANCES—INSPECTION.

Where a block through which a log skidding cable was run had been attached to a stump by a defective cable tie by the breaking of which plaintiff was injured, plaintiff was entitled to assume that defendant had furnished a safe tie and that it had been properly inspected.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—SAFE PLACE TO WORK —SAFE APPLIANCES—VICE PRINCIPAL.

Where the foreman of defendant's logging crew was directed to go ahead and make a road and pull logs, make his donkey site and get his road ready, hang out his blocks and stretch his log skidding line, such foreman was a vice principal in the matter of constructing a safe place to work and in furnishing safe appliances with which to do the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 440–474; Dec. Dig. § 190.*]

4. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—SAFE PLACE AND APPLIANCES—DELEGATION OF DUTY.

While a master may delegate the duty of constructing a safe place to work and in providing safe appliances, the responsibility still remains with the master, and he is bound to answer for the default of the person to whom the duty is delegated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

5. MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.

A large iron block containing a swivel through which a log skidding cable passed was attached to a stump by a wire rope tie. Plaintiff was employed to take charge of the block, stand at or near it, and repeat signals to the engineer. As he was doing so, the tie broke without being subjected to any undue strain, and plaintiff was injured. It had never been inspected, and there were defects in it visible to the naked eye. There was also evidence that it was worn, that defendant's servants had had trouble in splicing it, and that the strands would break off. *Held*, that such facts were sufficient prima facie to show actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

6. TRIAL (§ 281*)—INSTRUCTIONS—EXCEPTIONS.

A general exception to the whole of a portion of a charge, a part of which was not open to exception on any view of the case, could not be sustained on the theory that the balance of the charge was not within the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

7. APPEAL AND ERROR (§ 1066*)—REVIEW—INSTRUCTIONS—PREJUDICE.

Where, in an action for injuries to a servant by the breaking of a defective appliance, the evidence conclusively showed that the act of negligence by which plaintiff was injured was the act of the foreman in failing to furnish plaintiff with a safe appliance with which to work, defendant was not prejudiced by a portion of an instruction that an employer is liable for injuries resulting from the wrongful act, neglect, or default of any agent or officer superior to the employé injured, or a person employed by the employer having a right to control or direct the services of the injured employé, which was not within the issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

In Error to the District Court of the United States for the Second Division of the Northern District of California; John J. De Haven, Judge.

Action by Hugh Davis against the Metropolitan Redwood Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff in error was engaged in logging operations, and in cutting redwood and fir trees and conveying the same by means of a wire cable about 1,200 feet long, attached to a steam engine which was stationed at a point at which the logs were to be loaded on the cars for transportation to its mill. The road by which the logs were dragged conformed to the contour of the land, and it had two straight courses. It ran first from the engine a distance of about 300 feet, and then turned at right angles to the point from which the logs were taken. At the point or angle was placed a large iron or steel block containing a swivel and weighing about 600 pounds, through which the cable passed. In the language of the logging camp, the block was called a "Tommy Moore," and it was held in place by a wire rope called a "strap" about 30 feet in length. The two ends of the strap were attached to the block, and the loop was placed over and around a redwood stump. The defendant in error was employed by the plaintiff in error to take charge of the block, to stand at or near the same, and to signal to the engineer at the engine when to start and stop the engine, and also to observe the travel of the logs as they approached the block. He was compelled to stand near the stump to which the strap was attached, and while he was so engaged and standing in the place where he had been directed to stand, and in the place where it was necessary for him to stand, in order to observe the logs and signal to the engineer, the strap yielded to the tension and broke, striking the defendant in error and causing him very serious and permanent injuries. In his complaint he alleged that his employer carelessly and negligently failed and neglected to provide and maintain a safe and suitable strap, that the strap was defective and dangerous, and made out of an old and badly worn cable, and that it did not possess sufficient tensile strength to withstand the strain which was placed upon it.

Mahan & Mahan and Kenneth Newett, Jr., all of Eureka, Cal., and Lilienthal, McKinstry & Raymond, of San Francisco, Cal., for plaintiff in error.

Puter & Quinn, of Eureka, Cal., for defendant in error.

Before GILBERT, Circuit Judge, and WOLVERTON and DIETRICH, District Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the following instruction of the court to the jury:

"The evidence in this case shows without any conflict that, if there was any negligence in the construction or use of this 'Tommy Moore' strap, it was the negligence of the foreman of the crew there, Gordon, and for that negligence, if there was any, the defendant would be responsible."

It is urged that this instruction was erroneous for the reason that by the evidence it was shown that the plaintiff in error had placed at the disposal of Gordon, its foreman, strong and suitable cable out of which to make the strap, that he selected the worn and inferior cable which was used, and that for his act the plaintiff in error is not responsible; and the rule is invoked that, when the employer has exercised ordinary care to furnish material reasonably safe and suitable to be used by his employés in the construction of appliances for use in work, the character or place of which necessarily changes as the work progresses, the duty of exercising reasonable care to construct such appliances is that of the employés, and not that of the employer. But that rule does not apply here for the reason that the appliance, according to the evidence, was a permanent one. It

was not a temporary device made to meet the exigencies of progressive work or changing conditions, but it was a permanent portion of the plant with which the work was being done, as much so as the engine, the cable, or the block. This is fully shown by the evidence. It was a device which was essential to the operations. It was made to be used so long as the logging operations at that place continued, and at the time of the accident it had been in use some two or three weeks. James Spain, the "woods foreman" of the plaintiff in error, under whose charge was all the work done at the logging camp, testified that, when the block was placed in position and held there by the strap, "it was a permanent contrivance to remain there as long as they used the road hauling logs down there to that landing."

[2] The defendant in error had nothing to do with placing the strap in place. It was already there when he began to work. He had the right to assume that his employer had furnished him a safe appliance with which to work, and that the appliance had been properly inspected.

[3] The evidence shows that Gordon, the foreman of the logging crew, was directed by the plaintiff in error to go ahead and make a road and pull logs. His instructions were:

"To go over there and make his donkey site and get his road ready; there was grading to do upon the road there, get his strap ready, and hang out his blocks and this Tommy Moore and stretch his line."

This made Gordon a vice principal in the matter of constructing a safe place to work, and in furnishing safe appliances wherewith to work.

[4] The master may delegate that duty, but the responsibility is still his, and he must answer for the default of the person who acts in his stead. Nixon v. Selby Smelting Co., 102 Cal. 463, 36 Pac. 803; Higgins v. Williams, 114 Cal. 182, 45 Pac. 1041.

[5] The plaintiff in error contends that the trial court erred in denying its motion for an instructed verdict, that there was failure of proof of its negligence in that there was no evidence offered to show the cause of the accident, nothing to show that it resulted from a defective strap, and that, so far as the proof goes, the accident might have resulted from causes other than the weakness of the strap, and it complains that the defendant in error did not produce the strap in evidence. Counsel for plaintiff in error cite the case of Peirce v. Kile, 80 Fed. 865, 26 C. C. A. 201, in which it was held that where the only evidence of negligence is the fact that a rope broke, and it is clearly shown that the rope was of size and quality sufficient for the work in which it was used, that there was no sign of wear or defect in it, and the break was a fresh one, it was proper to direct a verdict for the defendant, who was charged with negligence in furnishing an inadequate rope. In that case the court said:

"The undisputed evidence at the trial was to the effect that the rope furnished was sufficient for the performance of the work, that it was a Manila rope—the best quality of rope in the market."

We make no question of the correctness of that decision. The facts in the case at bar, however, are widely different. There is

more in the present case than the mere fact that the strap broke. The evidence is that it was unfit for the purpose for which it was used. One witness testified:

"It was worn. You could tell by looking at it even."

This was evidence as to the condition of the old cable out of which the strap was made. The same witness testified that, at the time when the strap was attached to the block, the strands were worn.

"The strands would break off when we would go to push them in through the wire. * * * It showed indications of being worn out."

Another witness testified:

"The cable was in poor condition. The cable was worn out. We had trouble splicing it. We could not pull the strands through. It was all chipped and broken off, on account of the worn condition. It was rusted out."

The defendant in error testified:

"I don't know how it came to break. It must be old or something."

There was no unusual strain upon the strap when it broke. It parted about two feet from one end. The evidence shows that it had never been inspected, and that its defects were visible to the eye. Defects discoverable by reasonable and ordinary visual inspection are not latent defects.

The evidence of these facts was sufficient to show prima facie that the plaintiff in error was guilty of negligence. In the absence of evidence upon its part to show that the accident occurred from causes for which it was not responsible, or that the fracture of the strap resulted from a latent defect, there was no error in refusing to instruct the jury to return a verdict for the plaintiff in error. Lafayette Bridge Co. v. Olsen, 108 Fed. 335, 47 C. C. A. 367, 54 L. R. A. 33; Northern Pacific Ry. Co. v. Wendel, 156 Fed. 336, 84 C. C. A. 232; Corn Products Refin. Co. v. King, 168 Fed. 892, 94 C. C. A. 304; City of Manchester v. Landry, 199 Fed. 882, 118 C. C. A. 330. The plaintiff in error had the possession of the strap, and might have produced it in evidence if it deemed its inspection by the jury desirable.

It is contended that the court below erroneously assumed that the action was brought to enforce the liability created by the act of 1907 (St. 1907, p. 119) of the Legislature of California, whereby it amended section 1970 of the Civil Code so as to provide that an employer shall be liable for injury "when the same results from the wrongful act, neglect or default of any agent or officer of such employer, superior to the employé injured, or of a person employed by such employer having the right to control and direct the services of such employé"; and it is urged that that statute was inapplicable for the reason that the complaint was drawn as in an action at common law for damages for negligence and without reference to or mention of the statute, and that, in order to charge the plaintiff in error with liability under the statute, it was necessary to plead the same. To this it is sufficient to say that the issues presented the question of the common-law liability of the plaintiff in error on the allegation that

it had failed to furnish the defendant in error safe appliances wherewith to work. After correctly and fully charging the jury on the questions thus presented upon the issues, the court added an instruction, and therein is found the only reference to the statute of 1907 which the record contains. It is the following:

"In addition to these instructions, I will give you the following: An employer is not bound to indemnify his employés for loss suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business; provided, nevertheless, an employer shall be liable for such injury when the same results from the wrongful act, neglect, or default of any agent or officer of such employer superior to the employé injured, or a person employed by such employer having the right to control or direct the services of such employé injured."

In so charging the jury, the court correctly stated the law of the state of California.

[6] If, in view of the issues, the plaintiff in error deemed that law inapplicable to the case, it was its duty, in excepting thereto, to direct the attention of the court to the ground of its objection, and thus afford the court the opportunity to correct, explain, or modify the charge if necessary. As it was, it took a general exception to the whole of that portion of the charge, the first part of which was in any view not open to exception.

[7] Again, the plaintiff in error could not possibly have been prejudiced by the instruction. The evidence conclusively showed that the act of negligence, through which the defendant in error was injured, was the act of Gordon, the foreman, to whom, as we have seen, was delegated the duty of the plaintiff in error to furnish its employés a safe appliance wherewith to work. On that question the case was tried, and on its decision was based the judgment for the defendant in error.

We find no error. The judgment is affirmed.