JENKINS, Circuit Judge
(after stating the facts as above). The declaration charges a failure by the master to furnish adequate machinery and appliances, and negligence upon his part in furnishing appliances which were improper, inadequate, and of insufficient strength for the required service, and that the death of the defendant in error resulted from such negligent discharge by him of *867 his duty. It was, therefore, incumbent upon the defendant in error to prove the negligence asserted in one or other of the particulars charged, and that such failure in duty was the proximate cause of the death. The duty of the master is to use ordinary care to furnish appliances reasonably safe and suitable for the use of the servant, such as, with reasonable care upon the part of the servant, can be used without danger except such as is incident to the business in which such instrumentalities are employed. Reed v. Stockmeyer, 34 U. S. App. 727, 20 C. C. A. 381, and 7 Fed. 186. But the master is not responsible for the negligent or unskillful use by the servant or by the foreman of his gang of laborers of the necessary and safe tools and appliances furnished. Railway Co. v. Brown, 34 U. S. App. 759, 20 C. C. A. 117, and 73 Fed. 970. The undisputed evidence at the trial was to the effect that the rope furnished was sufficient for the performance of the work; that it was a Manilla rope,—the best quality of rope in the market; that after the accident the rope exhibited a clean, new break, the strands throughout being bright, and without sign of wear or defect. There was no evidence, other than the fact that the rope broke, to suggest insufficiency or defect. The general rule is not disputed that, as between master and servant, the proof of the occurrence of an accident raises no presumption of negligence. If the circumstances surrounding the transaction speak the negligence of the master, and that can be deduced therefrom as a natural and reasonable inference, the duty of explanation is cast upon the master. Bahr v. Lombard, 53 N. J. Law, 233, 21 Atl. 190, and 23 Atl. 167; McKinnon v. Norcross, 118 Mass. 533, 20 N. E. 183; Redmond v. Lumber Co., 96 Mich. 515, 55 N. W. 1001. The proof to warrant such inference must be brought forward by him who charges the negligence, and upon whom is the burden of proof. The inference of negligence cannot be established by conjecture or speculation, or drawn from a presumption, but must be founded upon some established fact. The law of the case was correctly apprehended and stated by the court in its charge to the jury, but the court erred in not directing a verdict for the defendant below. There was absolutely no evidence, other than the fact of the breaking of the rope, from which negligence of the master could justly be inferred. The accident may have occurred from (1) the insufficiency of the rope, (2) a latent defect in the rope, (3) its improper use and overstraining, (!) the manner of its adjustment to the standard, (5) the character of the standard used. It is urged that it was proper to submit the case to the jury upon the ground that they had the right to infer that the rope was insufficient, for the reason that the other possible causes of the accident were excluded by the evidence. This reasoning is fallacious in its premises. The evidence did not exclude all other probable causes of the breaking of the rope. To the contrary, it suggests as strongly probable that the accident was due to a great and inconsiderate strain upon the rope during the obstruction of the pile, and while Davis was endeavoring with the pinch bar to overcome the obstruction, and before it could be surmounted, and through the great lateral strain upon the rope caused by the pulling on it by 15 or 20 men while the pile was thus obstructed. Whether that be the *868 correct solution of the cause of the accident or not, it is certain that not only were all other probable causes of the insufficiency of the rope not excluded by the evidence, but the testimony clearly established its sufficiency. The plaintiff below, therefore, had failed to establish any neglect of duty upon the part of the defendant below causing this injury, and it was error not to direct a verdict as requested. The judgment will be reversed, and the cause remanded, with directions to the court below to grant a new trial.