MOUNTAIN COPPER CO., Limited, v. VAN BUREN et al.

(Circuit Court of Appeals, Ninth Circuit. May 25, 1903.)

No. 913.

**1. MASTER AND SERVANT—ACTION FOR INJURY TO SERVANT—PROOF OF MASTER'S NEGLIGENCE.**

In an action to recover for the death of an employé killed by the caving in of a mine, in which there is no question of contributory negligence or the negligence of a fellow servant, but the right to recover depends solely on the negligence of defendant, the burden of proof on such issue rests on the plaintiff, and the fact of the cave-in itself carries no presumption of negligence.

Hawley, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of California.

Van Ness & Redman and W. S. Goodfellow, for plaintiff in error.

James G. Estep, George O. Perry, and Campbell, Metson & Campbell (C. H. Oatman, of counsel), for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was an action for damages, brought by the heirs at law of John Van Buren, deceased, for the death of the latter, which occurred by reason of a cave in the mine of the plaintiff in error, in which the deceased was at the time working, engaged in shoveling the ore into cars for carriage to the surface.

There was in the case no question of contributory negligence, nor any question of negligence on the part of a fellow servant; the complaint counting solely upon the negligence of the defendant company, the plaintiff in error here. On the trial, evidence was given on the part of the plaintiffs tending to show the alleged negligence on the part of the defendant, and there was evidence given by the defendant tending to show that there was no negligence on its part. The court below instructed the jury, among other things:

"In considering the evidence in this case, you will remember that the burden of proof is upon the plaintiffs to show that the cave in the mine of the defendant which resulted in the death of Van Buren was caused by the negligence of the defendant. In this connection you will, however, consider all the facts and circumstances connected with the location, action, and extent of the cave itself which appear to be established by the evidence. And if such facts and circumstances furnish no evidence of a lack of reasonable care and diligence on the part of the defendant in preventing the cave, and in keeping the place where the deceased was at work in a reasonably safe condition, then the cave itself would furnish no evidence of negligence on the part of the defendant. But if, on the other hand, such facts and circum-

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 881, 895, 898.

stances, connected with the cave itself, its location, action, and extent, furnish evidence of the absence of such reasonable care and diligence on the part of the defendant, you will take that fact into consideration in arriving at your verdict."

That instruction was followed by this, to which an exception was reserved by the plaintiff in error:

"Where, in a case of this character, there is no claim on the part of the defendant that the deceased or injured party contributed to the accident, the caving of the stope to the extent described in the testimony in this case is itself prima facie evidence of neglect on the part of the defendant to keep the place of work in a safe condition; and it is for the defendant to show that it was without fault, and that the cave was the result of some movement of the mass of rock that could not have been prevented by reasonable care and diligence."

This latter instruction is not only in conflict with the one first quoted, but it is contrary to the rule of law declared to be applicable to such cases by the Supreme Court in the case of Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. That, like the present case, was an action by an employé against his employer, in which there was no question of contributory negligence, nor any question of negligence on the part of a fellow servant, but was one depending solely upon the alleged negligence of the defendant to the action. And the court, after saying that while in the case of a passenger upon a railway the fact of an accident carries with it a presumption of negligence on the part of the carrier, for the reason that there is in such a case a prima facie breach of the contract to carry safely, declared that a different rule obtains as to an employé; saying that in the latter case "the fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence"; citing Texas & Pacific Railway Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136. The court proceeded to say that in such a case "it is not sufficient for the employé to show that the employer may have been guilty of negligence. The evidence must point to the fact that he was. And where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. If the employé is unable to adduce sufficient evidence to show negligence on the part of the employer, it is only one of the many cases in which the plaintiff fails in his testimony, and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

For the error committed in giving the instruction last above quoted, the judgment must be reversed, and the cause remanded for a new trial.

But we think it proper to refer to another point presented by the plaintiff in error as ground for reversal, growing out of a statement by one of the counsel for the plaintiffs in the action, in his closing argu-

ment to the jury, to the effect "that an accident insurance company was defending the case." It is not pretended that there was any evidence tending to show that such was the fact. It is true that, upon objection and exception made and taken to the remark of the plaintiffs' counsel, the court directed him to desist from that line of argument, and instructed the jury to disregard the statement. It is not necessary to decide in this case whether this impropriety on the part of counsel should or should not of itself call for a reversal of the judgment, but it is well to call attention to the gross impropriety of bringing into the trial of any case matter wholly unconnected with it, the direct tendency of which may well be to prejudice one of the parties, and the extent of which it is not always, if ever, possible to measure.

The judgment must be reversed, and the cause remanded to the court below for a new trial. It is so ordered.

HAWLEY, District Judge. Taking into consideration all the facts and circumstances as testified to by the witnesses on the trial of this case, and the charge of the court below upon this point, in its entirety, I am of opinion that the court did not err in giving the instruction complained of. I therefore dissent from the views expressed by the court in relation thereto.