### EDGENS v. GAFFNEY MFG. CO.

PRESUMPTION—MASTER AND SERVANT—NONSUIT.—In action by servant against master for injuries caused by defective machinery, negligence cannot be presumed from the mere fact of the machinery breaking, but must be inferred from facts in evidence, and if there be no such facts in proof, nonsuit is proper.

Before GAGE, J., Cherokee, March, 1904.    Affirmed.

Action by Charles Edgens against Gaffney Mfg. Co. From order of nonsuit, plaintiff appeals.

*Mr. G. W. S. Hart,* for appellant, cites: 18 S. C., 279; 157 Mass., 564; 35 S. C., 408; 166 N. Y., 188; 52 L. R. A., 924; 87 Mo., 550; 63 Ia., 394; 41 Neb., 9.

*Mr. J. C. Jeffries,* contra, cites: 66 S. C., 256; 113 Mass., 544; 139 N. Y., 302; 20 Ency., 2 ed., 86, 87.

August 13, 1904.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff, as an employee of defendant, was working in the bottom of a well.    While so engaged he was struck and injured by a piece of pipe which became uncoupled and fell from the apparatus used to force water out of the well.    This action for damages is founded on the charge of negligence on the part of the defendant in furnishing defective and unsafe machinery.    The Circuit Judge held that there was a total failure to support the charge by evidence, and granted a nonsuit.

No evidence, either direct or circumstantial, was offered

34—69

from which the jury might find the defendant liable for operating defective and unsafe machinery, unless such lack of reasonable care in providing safe appliances as results in liability may be inferred from the mere fact that the pipe which struck the plaintiff had been coupled by the defendant, and then became uncoupled while in ordinary use.   Experience shows that ordinary machines and appliances often fail or break, when reasonable care, and sometimes when even extreme care, has been exercised in selecting or constructing and maintaining them, and hence the negligence of the master cannot with safety be assumed from the mere fact that they failed or broke in the use.   *Gentry* v. *Ry. Co.,* 66 S. C., 256, 44 S. E., 728.   It sometimes happens, however, that a description of the appliance and of the nature of the accident will indicate negligence by the master in providing appliances which he could not, as a reasonable man, regard adequate for the purpose for which they were used.   But this is an inference from proof of the circumstances or physical facts as given in evidence, and not a presumption of law.

The question seems to be still under discussion whether the doctrine of *res ipsa loquitur* is applicable at all to an action by a servant against his master for personal injuries. Assuming, however, that it is applicable to such an action, its meaning is not that negligence may be imputed to the master without evidence of its existence, but that the nature of the accident or the character of the machinery constitute the evidence from which a reasonable inference of fact may be drawn, that such an accident would not have happened if the master had used due care in providing the machinery or appliances.   *Graham* v. *Badger,* 164 Mass., 42; *Patton* v. *Texas & P. R. Co.,* 179 U. S., 658, 45 L. ed., 361; *Texas & P. R. Co.* v. *Barrett,* 166 U. S., 617, 41 L. ed., 1136; *Duntley* v. *Inman, Poulsen & Co.,* 59 L. R. A., 787 (Ore.); 21 A. & E. Ency. Law, 512.

The evidence in this case as to the appliance and the accident does not suggest such an inference.   The plaintiff and his witnesses testify to nothing more than that a section of

the pipe fell because the thread slipped.    There is nothing in the evidence to indicate that the threads were too few, or too large, or too small, or that they were cut upon a defective pipe; nor was there evidence of the degree of pressure to which the coupling was subjected, nor any such description of the methods and appliances employed in the work as would enable the jury to infer negligence on the part of the defendant.    In other words, the cause rested entirely on the proposition that the negligence of the master is to be presumed as a matter of law from the fact of the accident.    This proposition cannot be sustained and the nonsuit was, therefore, properly granted.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.