## BURTON v. ANDERSON PHOSPHATE & OIL CO.

PLEADINGS—DEMURRER—MOTION TO MAKE DEFINITE—MASTER AND SERVANT.—COMPLAINT here is defective in that it states no particular machine, or appliance, or place, or time at which the servant was injured, but it states a cause of action for injury to a servant by reason of the bursting of a steam pipe, which put him in peril of his life, and having reasonable apprehension of great danger, was injured in an effort to escape. Defendant's remedy is by motion to make definite and not demurrer.

Before DANTZLER, J., Anderson, October, 1905. Affirmed.

Action by Bertha Burton, administratrix of Larkin Burton, against Anderson Phosphate and Oil Co., on the following complaint, omitting the formal parts:

"5. On Saturday, the 19th day of December, 1903, and some time prior to that day, the relation of master and servant existed between the defendant and the said Larkin

Burton, and the said Larkin Burton worked for said defendant in one of its oil mills in the city of Anderson, County and State aforesaid.

"6. The said Larkin Burton was employed to shovel seed, to work at the gin and shaker, and to perform other duties in the said mill outside of the engine room, and these were his customary duties; the said Burton, however, was a very obedient, faithful and hard working servant, and was frequently sent into said engine room by defendant to do hard work, difficult and dangerous jobs, and it was in the engine room, engaged in such work (hereafter mentioned), that he met with the disaster and injuries that caused his death. This paragraph on information and belief.

"7. The defendant was endeavoring to connect two large boilers by means of pipes, so as to allow the steam to pass from one to the other. These boilers were in the same room, but there was another boiler between them, and the said Burton (with others), was working on an elevated brick stage or structure, some ten or fifteen feet above the floor. While he was so engaged the pipe broke and a large, intense volume of steam was suddenly released, with almost cannon-like force and velocity; the small room was flooded with a dense hot cloud of pent-up steam and the occupants put in peril of their lives; in his quick agitated attempt to save his life and make for safety, the said Burton fell from, or was hurled from, the said brick structure by the exploding steam and received violent injuries from which next day he died. This paragraph on information and belief.

"8. That the proximate cause of the injuries and death of the said Larkin Burton was the negligence of the defendant in failing to provide safe and proper machinery and appliances with which, and about which, said Burton should work, and to put and keep same in proper and safe position and condition, in failing to provide and maintain a safe place in which he should do his work, and in other particulars. This paragraph on information and belief.

"9. The plaintiff, by reason of the death of her said husband, has been deprived of his care, comfort, society and support, and has greatly suffered therefrom materially and mentally. All to her damage in the sum of six thousand dollars ($6,000)."

From order overruling demurrer to complaint, defendant appeals.

*Messrs. Smythe, Lee & Frost* and *J. M. Paget,* for appellant, cite: *Complaint does not make a case of negligence against master:* 19 S. C., 510; 66 S. C., 256; 69 S. C., 529; 72 S. C., 401; 73 S. C., 264. *As to assumption of risks:* 70 S. C., 326; 72 S. C., 270, 348, 402; 51 S. C., 682. *Accident not approximate cause of death:* 52 S. C., 332; 51 S. C., 302; 13 Pet., 193.

*Messrs. B. F. Martin* and *G. B. Greene,* contra. The latter cites: *Servant is not deemed to have assumed risks of different work than that in which regularly employed:* 4 Thom. on Neg., 4 ed., 705. *Demurrer will not lie to this complaint:* 27 S. C., 549; 20 S. C., 176. *Remedy for indefinite allegations is motion and not demurrer:* 59 S. C., 433. *What risks servant assumes:* 18 S. C., 268, 620, 595; 101 N. Y., 547; 34 S. C., 211; 32 S. C., 299. *No negligence in deceased:* 1 Thomp. on Neg., 80-89; 45 S. C., 160; Labatt's M. & S., 930, 933, 935. *Administration sufficiently alleged:* 41 S. C., 397. *Complaint is sufficient:* 35 S. C., 381.

September 17, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. By the complaint above set out in full, Bertha Burton, as administratrix, seeks to recover of Anderson Phosphate and Oil Company damages for the death of her husband. The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant appeals.

The complaint is very defective, but it does not altogether fail to state a cause of action. Briefly stated, the allegations as to the accident which caused the death of Burton, are that he was in the engine room, where he was frequently sent to do hard work and difficult and dangerous jobs, though employed to do different work not in the engine room; that while endeavoring to connect two large boilers by means of a pipe, "the pipe broke and a large, intense volume of steam was suddenly released, with almost cannon-like force and velocity; the small room was flooded with a dense hot cloud of pent-up steam, and the occupants put in peril of their lives; in his quick agitated attempt to save his life and make for safety, the said Burton fell from, or was hurled from, the said brick structure by the exploding steam, and received violent injuries from which next day he died."

Without specifying any particular machine or appliance, or any particular place, it is then alleged, "that the proximate cause of the injuries and death of the said Larkin Burton was the negligence of the defendant in failing to provide safe and proper machinery and appliances with which, and about which, said Burton should work, and to put and keep same in proper and safe position and condition, in failing to provide and maintain a safe place in which he should do his work, and in other particulars."

The complaint, therefore, does not fall under the principle laid down by this Court in a number of cases, from *Gentry* v. *Railway Co.,* 66 S. C., 256, 44 S. E., 728, to *Green* v. *Railway Co.,* 72 S. C., 401, for the plaintiff does not rely on any presumption that the machinery or appliance was defective or the place unsafe, from the mere fact that the accident happened at that place or was due to the breaking of the appliance, but, on the contrary, she affirmatively charges negligence as the proximate cause of the accident, in the failure to provide safe machinery and appliances and a safe place to work. Construing the complaint, as we must do, most favorably to the pleader, the remedy of the defendant was a motion to require the complaint to be made more definite

and certain, and not demurrer. *Garrett* v. *Weinberg,* 50 S.
C., 316, 27 S. E., 770 ; 14 Ency. P. & P., 341.

There is no force in the point that the complaint shows the
deceased was injured by his own act in attempting to escape
from the engine room. The allegation is distinctly made
that the hot steam put the deceased in peril of his life, and if,
having a reasonable apprehension of great danger, he was
injured in an effort to escape from a condition due to defend-
ant's wrong, the defendant would be liable. *Stokes* v.
*Saltonstall,* 13 Peters, 193 ; *Wade* v. *Electric Co.,* 51 S. C.,
302, 29 S. E., 233.

The complaint was indefinite, also, as to the time of the
accident, and as to Burton's employment by the defendant
when the accident occurred, but this indefiniteness affords no
support for a demurrer.

It is the judgment of this Court, that the judgment of the
Circuit Court be affirmed