## 8155

### WATSON v. ATLANTIC COAST LINE R. R. CO.

MASTER AND SERVANT—FELLOW SERVANTS—RAILROADS—BRAKEMAN.—The servant may recover for an injury caused by the combined negligence of the master and a fellow servant. If an injury is caused to a brakeman by reason of a defective angle cock in a hose, together with the negligence of the engineer in moving the train, the brakeman may recover.

*Green v. So. Ry., 72 S. C. 398, distinguished from this.*

Before MEMMINGER, J., Orangeburg, March term, 1911. Affirmed.

Action by Moses Watson against Atlantic Coast Line R. R. Co. Defendant appeals.

*Messrs. Moss & Lide* and *Henry E. Davis,* for appellant, cite: *Engineer and brakeman are fellow servants:* 78 S. C. 413; 77 S. C. 328. *No testimony to sustain a verdict:* 72 S. C. 398; 176 Fed. 692; 87 S. C. 174.

*Mr. Adam H. Moss,* contra, cites: *There being evidence tending to show injury was caused by defective appliance nonsuit should not be granted:* 57 S. C. 249; 63 S. C. 370; 82 S. C. 528; 81 S. C. 457; 53 S. C. 359; 69 S. C. 102; 86 S. C. 137; 34 S. C. 211; 38 S. C. 199; 44 S. C. 554; 63 S. C. 567.

March 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, having been caught between two cars and injured while in the employment of the defendant, as a brakeman, recovered judgment for six hundred dollars on a complaint alleging that his injuries were due to the negligence of the defendant in providing for his use an unsafe angle cock on the hose of an air brake.

The sole question made by the appeal is whether the Circuit Judge should have ordered a nonsuit, or directed a verdict, on the ground that there was no evidence of actionable negligence on the part of the defendant.

The plaintiff testified in substance that he was ordered by the conductor of the freight train to which he was attached to cut off one car on the sidetrack at Vance station; that when the engineer had stopped the train on signal, he went between the cars to cut off the rear car according to the order; that the angle cock of the air hose was defective and so unusually hard to work that he was unable to break it, and that the delay consequent upon his effort to break the connection prevented him from getting out before the engineer moved the train and caught him between the cars.

This testimony was equivalent to the witness saying that before the accident the angle cock had been fastened too tight for ordinary and safe use; and it is this that differentiates the case from the case of *Green* v. *Sou. Ry.*, 72 S. C. 398, 52 S. E. 45, relied on by appellant's counsel. In that case the engine had worked perfectly under the hand of the plaintiff an hour before the accident, and there was not a particle of evidence of any specific defect. The plaintiff testified that he did not know what caused the accident of the engine moving into an open turntable, when he intended it to move the other way, and that it might have been due to any one of five causes which he named; but there was no evidence whatever that any of these causes existed. Under these facts the Court held: "The cause of the accident is purely conjectural. There is no more reason to suppose it was due to a defect in the machine than to an unconscious error of the plaintiff in its operation, or to some other undiscoverable cause for which neither party was responsible." Here, on the contrary, the plaintiff testified to a specific defect existing before the accident, namely, that the angle cock was fastened too tight for ordinary and safe use.

The inference to be drawn from plaintiff's testimony, if true, is that his injury was caused by the negligence of the defendant in providing a defective angle cock on its air hose, together with the negligence of the engineer in moving the train while the defendant was between the cars. But it would not defeat the action that the negligence of a fellow servant was one of the proximate causes of the injury, if that negligence was combined with the negligence of the master, another proximate cause. *Pinckney* v. *A. C. L. Ry. Co.*, 89 S. C. 525.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *participate in this opinion and concur.*