### 8418

## LESTER v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY OF SOUTH CAROLINA.

MASTER AND SERVANT—PRESUMPTION—APPLIANCES—NEGLIGENCE—ISSUES.—
The law imputes to the master knowledge of latent danger in his instrumentalities and casts upon him the burden of showing he could not have discovered the danger by the exercise of due diligence. So where the servant shows he has been injured by some manner of defect in an appliance he makes out a *prima facie* case of negligence and in the absence of any explanatory proof on the part of the master the issue of negligence should be sent to the jury.

Before GAGE, J., Spartanburg, April, 1912. Affirmed.

Action by Sylvester L. Lester against Carolina, Clinchfield and Ohio Ry. of South Carolina. Defendant appeals.

*Messrs. Carson & Boyd* and *J. Norment Powell,* for appellant, cite: *Does mere proof of breakage establish a defective condition:* 66 S. C. 256; 69 S. C. 359; 72 S. C. 398, 101.

*Messrs. Nicholls & Nicholls, C. P. Sims* and *T. T. McCarley,* contra, cite: *Failure to inspect and repair is prima facie negligence:* 34 S. C. 211. *Want of knowledge of defects is an affirmative defense:* 35 S. C. 405; 81 S. C. 203; 63 S. C. 559; 86 S. C. 435; 90 S. C. 312; 86 S. C. 137, 410; 82 S. C. 528.

January 18, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action for damages by plaintiff, against the defendant for injuries received by plaintiff, while in the employ of defendant, by reason of the alleged negligence of defendant.

The negligence as alleged in the complaint was:

1. The handhold or step at the top of the box car was loose and insecurely fastened.

2. The defendant did not warn the plaintiff of the defective and insecure condition of the step or handhold.

3. The defendant carelessly and negligently failed to inspect the box car.

4. The defendant failed to stop the car before allowing the plaintiff to climb upon it.

After issue joined, the case came on for trial before his Honor, Judge Gage, and a jury and resulted in a verdict for plaintiff. At close of plaintiff's testimony, the defendant moved for a *nonsuit,* which was refused. When all of the testimony was in, defendant moved for a direction of a verdict, which was refused. Defendant appeals, and asks reversal on the ground that there is no evidence to show that there was any negligence, on the part of defendant, as alleged by the plaintiff and questions the correctness of the Circuit Judge's ruling in refusing to grant a *nonsuit* or direct a verdict, in favor of defendant, as moved for. The law is so well settled in this State, that it is unnecessary to quote authority that it is the duty of the master to furnish the servant with a reasonable, suitable and safe place to work and keep the same in a reasonably safe and suitable repair, and furnish the servant with reasonably safe and suitable machinery and appliances to do the work with and keep the same in reasonably safe and suitable repair and this duty of the master is *non* assignable. The only testimony in the case here is that of the plaintiff. The defendant in no way attempts to relieve itself by explaining the condition of the grab ladder or that the appliances furnished by it were, reasonably, suitable and safe and kept in reasonably safe repair by inspection or otherwise. Here, we have the proof of plaintiff's injury by some manner of defect in the appliance furnished by the master that at least furnished some *prima facie* evidence of negligence to go to the jury in the absence of any explanation or any rebutting evidence. This

is sufficient to show an omission of duty on the part of the master to carry the case to the jury. In the case of *Trimmier* v. *Railway*, 81 S. C. 203, the Court held, "That it was the duty of the master to see to it that its appliances and instrumentalities were in proper condition, and that the plaintiff by showing that they were not, made a *prima facie* case against the defendant."

"The law imputes to the master knowledge of latent danger in his instrumentalities, and casts upon him the burden of proving that he could not have discovered the danger by the exercise of due diligence."

The facts of the case bring it under this principle, which was applied in *Gilliland* v. *Charleston & Ry. Co.*, 86 S. C. 137, 68 S. E. 186, and *Watson* v. *Atlantic C. L. R. R.*, 91 S. C. 127, rather than under the principle on which *Green* v. *So. Ry.*, 72 S. C. 398, 52 S. E. 45, and other like cases were decided.

The testimony in the case was sufficient to carry the case to the jury and it was for them to determine whether the negligence alleged was proven or not, and we see no error on the part of his Honor, the Circuit Judge, in his rulings. The exceptions are overruled.

Judgment affirmed.