8616

THOMASON v. VICTOR MFG. CO.

1. NONSUIT—MASTER AND SERVANT.—In deciding if motion for nonsuit was erroneously refused, this Court will consider all the evidence. Here there was evidence to show the place furnished by the master was not safe.

2. CHARGE—WILFULNESS.—Refusal to direct verdict on issue of wilfulness is cured by instruction that nobody claims there is any wilfulness in the case and that verdict could only be rendered for actual damages.

3. MASTER AND SERVANT—BURDEN OF PROOF.—Where it is shown a servant was injured because of a defective or unsafe place, the burden is then cast on the master to show he used due diligence in keeping the place reasonably safe and suitable.

4. CHARGE—REQUESTS.—Where a Judge gives in his charge the substance of every sound proposition of law requested, he cannot be charged with error in refusing a request.

Before SEASE, J., Spartanburg, July, 1912. Affirmed.

Action by Melvin E. Thomason against Victor Manufacturing Company. Defendant appeals on the following exceptions:

1. "That his Honor erred in not granting the defendant's motion for a nonsuit on the ground that the only conclusion to be drawn from the testimony was that the plaintiff assumed the risk of the danger which caused the alleged injury; it being submitted that the plaintiff was a grown man and the alleged defect was plain and obvious.

2. "He erred in not granting the defendant's motion for nonsuit on the ground that there was no evidence of negligence in either the construction or the maintenance of the gangway; it being submitted (1) that the testimony did not tend to show that the gangway was defective or unsafe; (2) that the testimony did not tend to show that the defendant was negligent in permitting the grease spot to get upon the gangway, or in failing to discover it and have it removed.

3. "He erred in not granting the defendant's motion for a nonsuit upon the ground that the only inference to be drawn from the testimony was that the alleged dangerous condition of the gangway was not due to the negligence of the defendant, but to the conduct of a fellow servant.

4. "He erred in overruling defendant's motion for a directed verdict upon the cause of action based upon wilfulness and wantonness; it being submitted that there was no

testimony to support the allegation of the complaint as to this point.

5. "He erred in overruling the defendant's motion for a directed verdict as to the whole cause of action; it being submitted that there was no evidence tending to establish any degree of negligence on the part of the defendant and the only reasonable conclusion to be deduced from the testimony was that the alleged defect was plain and obvious and the risk thereof assumed by the plaintiff.

6. "He erred in charging the jury as follows: 'When it is made to appear that a servant was injured by defective or unsafe place it is *prima facie* evidence of negligence on the part of the boss, and the burden is then thrown upon the master to show that he used due care and diligence in keeping the place reasonably safe and suitable.' It is respectfully submitted: (a) That this was a charge on the facts; (b) that as a matter of law there is no such presumption, and we submit that when it is made to appear that the injury was due to the unsafe condition of the place it is for the jury to say whether the circumstances of the case would indicate negligence on the part of the master.

7. "He erred in refusing defendant's sixth request to charge, which was as follows: 'If there was such a grease spot upon the gangway and if you should find that it was dropped or spilled there by a fellow servant, of the plaintiff, the company would not be responsible, unless you also conclude that it was negligent in failing to discover or remove it before the accident.' It is respectfully submitted that this language embodied a correct proposition of law applicable to the case not elsewhere covered in the charge, and was not upon the facts.

8. "He erred in refusing defendant's tenth request to charge, which was as follows: 'I charge you that there is no evidence of any negligence in this case except that based upon the alleged presence of grease upon the gangway. As to this you must conclude that the defendant was not liable

16—95

unless you find that there was a grease spot as alleged, and that the defendant negligently placed it there or was negligent in not discovering and removing it before the accident. If you find that the defendant did not place it there, but that it got there through some act of a fellow servant, and that the defendant was not negligent in failing to discover and remove it before the accident, then your verdict must be for the defendant.' It is respectfully submitted that this language embodied a correct proposition of law applicable to the case not elsewhere covered in the charge, and was not upon the facts."

*Messrs. Haynsworth & Haynsworth* and *Bomar & Osborne,* for appellant. *Messrs. Haynsworth & Haynsworth* cite: *The plaintiff assumed the risk apart from the grease spot:* 72 S. C. 237; 74 S. C. 419; 27 S. C. 71; 91 L. R. A. 861; *and with the grease spot:* 5 Words & Phrases 4012; Labott on M. & S., secs. 260, 274; 35 N. E. 648; 27 S. C. 71.

*Messrs. C. P. Sims* and *Sanders & DePass,* contra. *Messrs. Sanders & DePass* cite: *It is duty of master to use due care and keep place safe:* 72 S. C. 402; 18 S. C. 275; 42 S. C. 211.

July 14, 1913. The opinion of the Court was delivered by.

MR. JUSTICE WATTS. This was an action for damages (compensatory and punitive) by respondent against appellant for an injury sustained by the respondent while in the employ of the appellant. The answer of appellant was a denial of the material allegations of the complaint, and sets up the plea of contributory negligence and assumption of risk on the part of plaintiff-respondent. The case was tried before Judge Sease, and a jury, and resulted in a verdict in favor of plaintiff-respondent, in the sum of five hun-

dred and fifty dollars. The appellant appeals and alleges error on the part of his Honor in eight exceptions.

The first three exceptions allege error on the part of his Honor in not granting a nonsuit at the close of plaintiff's testimony. In the consideration of this question this Court will consider all of the testimony in the case, and from the evidence in the case, we see no error on the part of his Honor in refusing to grant the nonsuit. There is no question but that it is the duty of the master to furnish the servant a reasonably safe place within which to work, and keep the place within reasonable repair. There was abundance of evidence to go to the jury to be determined by them whether the place, at which plaintiff was injured, was unsafe, and these exceptions are overruled.

The fourth and fifth exceptions allege error in not directing a verdict for the defendant on the ground that there was no evidence of wilfulness or wantonness, and also on the whole case. There was sufficient testimony to carry the case to the jury on the question of negligence, and his Honor committed no error in this; he should, however, have sustained the motion that there was no evidence to sustain the contention that there was wilfulness and wantonness, but this was harmless, and not at all prejudicial to the defendant, for in his charge to the jury, later, he said to them: "Negligence is inadvertence. Now, on the contrary, as a contrast, but with that you have nothing to do in the consideration of this case—wilfulness is advertence. Nobody claims in this case that there is any wilfulness;" and throughout his whole charge he nowhere told the jury, in estimating damages, that they could award punitive damages for wilfulness or wantonness, but was careful to charge them that in estimating damages they were to consider the question of negligence on the part of defendant, and contributory negligence and assumption of risk on the part of plaintiff. These exceptions are overruled.

The sixth exception alleges error in his Honor's charge to the jury. We see no error as complained of. It is the duty of the master to furnish a reasonably safe and suitable place for the servant to work at, and keep the same in reasonably safe and suitable repair. Mr. Justice Woods, in *Green* v. *Southern Ry.,* 72 S. C., page 401, 52 S. E. 45, uses this language: "In every suit of a servant against a master for personal injury arising from the use of machinery, inquiry is directed mainly to two forces operating under natural laws, namely, the master's machine supplied to the servant, and the servant's mind and hands acting on the machine. The injury is usually due either to the error of the master in failing to supply safe machinery, or to the error of the servant in the use of his mind and hands, or to both of these causes acting together. But an error of the master in furnishing a defective machine does not conclusively imply negligence by the master, for he may have used due, and even great, care in its selection; nor does an error of the servant in the use of the machinery conclusively imply negligence on his part, for he may be in actual error while doing just what a prudent man would do under like circumstances. Neither the master nor the servant is charged with perfect knowledge of all natural laws and forces under which they act, nor even with errorless conduct in applying their imperfect knowledge of such laws and forces; and hence they are chargeable only with the results of errors, which are due to negligence. The servant on entering the employment assumes the risk of his own errors, whether due to negligence or not, and he assumes also the risk of the operation of the machine and of the errors of the master unless the master fails to use due care in making the machine safe. When an injury to a servant is proved to result from a defective machine, the law puts upon the master the burden of proving that he used due care in making it safe. *Lasure* v. *Mfg. Co.,* 18 S. C. 275; *Carter* v. *Oliver Oil Co.,* 34 S. C. 211, 13 S. E.

419; *Branch* v. *Ry. Co.,* 35 S. C. 405, 14 S. E. 808," and his Honor committed no error.

We cannot see that he was in error in refusing to charge the seventh and eighth exceptions, he left all of the facts to the jury to find what were the conditions at the time of the injury. He charged the jury carefully and fully as to the issues made by the pleadings and evidence, and in his own language, instructed them fully as to the law of the case, and all of the law embodied in these requests were substantially charged in his Honor's general charge. Reference to the charge shows that the substance of every sound proposition of law, contained in the requests, was given to the jury. "The Judge has the right to charge the law of the case in his own language, and where he fully discharges this duty, he is not required to charge abstract or sound propositions of the law applicable." *Joyner* v. *Atlantic Coast Line R. R. Co.,* 91 S. C. 104, 74 S. E. 825.

All exceptions are overruled.

Judgment affirmed.