8793

ANNIE TURNER v. F. W. POE MFG. CO.

(81 S. E. 430.)

APPEAL.   MASTER AND SERVANT.   EVIDENCE.

1. Testimony irrelevant to question on appeal should be excluded from case.
2. An untoward event which works injury to the operator of a machine in a factory does not of itself raise a presumption that the machine was defective, but there must be other direct or circumstantial evidence that the machine caused the injury because of a defect in its parts, and that such defect was the result of the master's negligence.
3. Plaintiff's loom having stopped, she took hold of the wheel to adjust the harness, when the loom started involuntarily, and some part of it jerked plaintiff and caused her injury.  The only other evidence to show defect in the loom was that the loom fixer had been called to that loom the afternoon before, and that all the looms in the mill after eight years' use and in the year succeeding the accident were discarded.  *Held,* that such proof was insufficient to show that plaintiff's accident resulted from a defect in the loom or from defendant's negligence.

Before SHIPP, J., Greenville, April, 1913.   Reversed.

Action by Annie Turner against F. W. Poe Mfg. Co., for personal injuries received while in defendant's employment. From judgment on a verdict for plaintiff, defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, cite: *No proof of master's negligence:* 20 A. & E. Enc. (2d ed.) 77, 142-143; 72 S. C. 402; 39 S. C. 39.   *Servant was aware of danger:* 55 S. C. 483; 72 S. C. 237.   *Plaintiff assumed*

*risk:* 79 S. C. 502; 70 S. C. 242; 84 S. C. 283; 89 S. C. 502; 86 S. C. 69; Labatt Master and Servant, sec. 1249.

*Mr. Robert Martin,* for respondent, cites: *Sufficiency of testimony for jury:* 50 S. C. 556. *Servant not charged with duty to discover defects:* 86 S. C. 441; 26 Cyc. 1090. *Inspection master's duty:* 86 S. C. 411; 72 S. C. 412; 71 S. C. 81; 40 S. C. 109; 66 S. C. 485, 486; 52 S. C. 443; 38 S. C. 208; 37 S. C. 604; 35 S. C. 407; 34 S. C. 215; 18 S. C. 281, 282, 262; 15 S. C. 443. *Servant not required to inspect:* 38 S. C. 206. *Attempt to repair, cast burden on master to show care:* 95 S. C. 244; 18 S. C. 275; 34 S. C. 211; 13 S. E. 419; 35 S. C. 405; 14 S. E. 808; 15 S. C. 454; 86 S. C. 435.

April 15, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The record is too voluminous; there are 108 pages of printed testimony; one-half of it is not relevant to the issues made by the appeal. This is a great hardship on litigants, and ought not to be imposed upon them.

The plaintiff, forty years old, once a widow and now again married, had a verdict below, and the defendant appeals.

She sued two years after the event. She was a spare weaver, and had only begun to operate that loom the afternoon before the day of the accident, though she had operated many looms at other mills, and had worked in mills all her life.

This mill was built in 1900, the looms were then installed, the accident occurred in February, 1910.

The cause of the injury was the "slamming" and then the starting up of a loom; and the character of the injury was said to be to the plaintiff's back and side, "due to muscular separation of one rib from another" * * * "an injury that

will grow back and permanently readjust itself in the course of time." (Dr. Walker, for plaintiff.)

There are three exceptions, but they all relate to the refusal of the Court to grant a nonsuit, or to direct a verdict for the defendant: (1) for lack of proof by the plaintiff; (2) for the plaintiff's negligence; (3) for the plaintiff's assumption of the risk.

The doctrine is well settled here, that in a case like this, the untoward event which works injury does not of itself raise the presumption of a defective machine, and therefore, of negligence by the master; but there must be other testimony, direct or circumstantial, that the loom injured the weaver because it was 'defective in its parts and that such defect was the result of the master's neglect. *Edgens* v. *Mfg. Co.*, 69 S. C. 530, 48 S. E. 538.

The accident occurred in this way: The weaver stands in front of his loom, ready to start it; on the right end of the loom there are two pulleys, one tight and one loose; a belt runs from these pulleys to the source of power; when the belt is on the loose pulley, the loom's parts are motionless; when the belt is on the tight pulley, the power is applied and the parts of the loom start to move; the belt is shifted from one pulley to the other by the agency of a small lever, in easy and safe reach of the hand; on the left end of the loom is a small wheel, by the hand movement of which the weaver adjusts the harness, and by which also the shuttle, when the shuttle has stopped, may be pushed into one of its boxes; the shuttle must be in one of the boxes before the loom starts to move, so that one of the picker sticks may drive it to the box at the opposite end of the loom.

In the event now under consideration the loom had stopped, or in the language of the shop, it had slammed; and that means something more than stopping, but just what, the witnesses do not make it clear. The shuttle had stopped betwixt the boxes; with her left hand the weaver took hold of the wheel on the left to adjust

the harness, and with her left hand was moving the shuttle to its box; she did not touch the lever; but the movement of the loom then started, and some part of the loom, it does not appear what part, jerked the weaver and hurt her.

That is the plaintiff's account of the event. That account does not show any defect in the looms. The only other evidence relied upon to show a defect, is that a loom fixer had been called to that loom the afternoon before; and that all the looms in the mill, after eight years' use and in the year after the event, were discarded and sold for junk. It does not appear that the loom fixer found any defect in the loom, much less the defect, if any, which is now complained of. The loom fixer by common knowledge is called for many purposes, and his appearance, and that alone, at a machine is not evidence of a defect. His nonappearance could have been relied upon as neglect; but hardly his appearance.

If he appeared, the inference is that he remedied the defect, if there was one. There is no testimony to rebut that inference.

All the looms were removed, the inference if not warrantable that all the looms had the defect here alleged; had this particular loom alone had been put out of the mill, there would be room to conclude it was defective.

There was no evidence of a defect, and none of the master's neglect.

The other exceptions need not be considered, because they now become irrelevant.

The judgment is reversed and the complaint is dismissed.

---

Footnote—The authorities on the presumption of negligence of master from unexplained starting of machinery injuring servant are collated in notes in 1 L. R. A. (N. S.) 298, and 44 L. R. A. (N. S.) 1050.