## 11301

### HOLMES v. DAVIS, DIR. GEN. *ET AL.*

(119 S. E., 249)

1. MASTER AND SERVANT—NEGLIGENCE NOT PRESUMED FROM PROOF OF INJURY BY FAILURE OF MACHINERY.—Proof on an injury to a servant by reason of failure of the machinery or appliance furnished by the master does not raise the presumption of negligence on the part of the master.

2. MASTER AND SERVANT—EVIDENCE OF ACCIDENT HELD INSUFFICIENT FOR SUBMISSION OF QUESTION OF EMPLOYER'S NEGLIGENCE TO JURY.—Evidence that, while plaintiff was filling a cotton waste press and leveling the top of the waste with his hand, the plunger, which was operated by compressed air, fell on his arm, and that the fall had never occurred before, *held* insufficient for submission to the jury of the question of employer's negligence in failing to instruct employee or in failing to furnish a safe place or an implement with which to level the waste.

NOTE: On duty and liability of master to warn or instruct servant regarding dangerous appliances, see note in 44 L. R. A., 33.

On duty to protect or warn against dangers not reasonably to be apprehended, see note in 21 L. R. A. (N. S.), 89.

8. MASTER AND SERVANT—DUTY TO WARN LIMITED TO PERIL REASONABLY ANTICIPATED.—An employer is not bound to foresee and give warning of remote, improbable, and exceptional occurrences; his duty being limited to such perils as may reasonably be anticipated.

Before W. C. COTHRAN, SPECIAL JUDGE, Florence, Summer Term 1922, Affirmed.

Action by Dave Holmes against James C. Davis, Director General, and others. From order of nonsuit plaintiff appeals.

*Messrs. L. D. Jennings and Whiting & Baker,* for appellant, cite: *Unsafe and defective appliances:* 103 S. C., 114; 93 S. C., 395; 86 S. C., 137.

*Messrs. F. L. Wilcox and S. M. Wetmore,* for respondent, cite: *No evidence of negligence from failure of machine to work:* 72 S. C., 398; 69 S. C., 529. *And no presumption of negligence from injury:* 84 S. C., 392; 103 S. C., 102; 179 U. S., 658.

October 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of a personal injury sustained by the plaintiff, an employee of the Director General, resulting from alleged negligence, willfulness and recklessness of the defendants, at Florence, S. C., on July 22, 1919. The case came on for trial at the summer term of the Court of common pleas at Florence before Hon. W. C. Cothran, Special Judge, and a jury. At the conclusion of the evidence for the plaintiff, the presiding judge, upon motion of the defendants, ordered a nonsuit, and from the judgment entered thereupon the plaintiff appeals.

The injury to the plaintiff, as alleged in the complaint, and as shown in the evidence, happened in this way: In the railroad shops at Florence there had been installed a power press used for the purpose of pressing the surplus oil out of oil-soaked cotton waste, so that the dry waste thus prepared

could be used as packing for journals and boxes of railroad cars. The appliance consisted of a cylindrical container in which the oil-soaked waste was placed as it was conveyed in tubs to the press. Just above the container was what is variously termed a ram, head, piston, or plunger, which was intended to be lowered with considerable pressure into the container, thereby expressing the oil from the waste. The plunger was operated, and the pressure supplied by compressed air conducted in a pipe from the air plant, its movement being controlled by means of a wire connected with the throttle of the plunger. After the container was filled with waste, the plunger being suspended above and stationary, the operative was expected to level the top of the waste with his hand, to keep it from bunching and being compressed unevenly. While the plaintiff was thus engaged in filling the container and leveling the top of the waste with his left hand the plunger fell or was forced down with great pressure, catching his left hand and arm, and causing an injury which necessitated amputation. After the plunger had fallen and caught the plaintiff's arm, it would not respond to the operation of the wire and the throttle. The air pipe had to be disconnected, and the plunger raised by hand, before the plaintiff's arm could be released, after remaining in that position for 30 minutes. The plaintiff relied upon the following specifications of negligence, and contends that there was sufficient evidence tending to sustain them to require a submission of the issue to the jury:

(1) That the appliance was defective.

(2) That the defendant failed to equip the machine, and to furnish the plaintiff with an implement to level the waste.

(3) That the place to work was unsafe.

(4) That the plaintiff was instructed to operate the press in an unsafe manner.

It has been decided by the Court over and over again that proof of an injury to a servant by reason of the failure of the machinery or appliance furnished by

the master does not raise the presumption of negligence on the part of the master. *Gentry v. R. Co.,* 66 S. C., 256; 44 S. E., 728. *Edgens v. Mfg. Co.,* 69 S. C., 529; 48 S. E., 538. *Green v. R. Co.,* 72 S. C., 398; 52 S. E., 45. *Burton v. Oil Co.,* 75 S. C., 173; 55 S. E., 217. *Hall v. R. Co.,* 81 S. C., 522; 62 S. E., 848. *Lyon v. R. Co.,* 84 S. C., 364; 66 S. E., 282. *Herbert v. Parham,* 86 S. C., 352; 68 S. E., 564; 35 L .R. A. (N. S.), 239. *Dixon v. Mfg. Co.,* 86 S. C., 435; 68 S. E., 643. *Lewis v. Build. Co.,* 87 S. C., 210; 69 S. E., 212. *Watson v. R. Co.,* 91 S. C., 127; 74 S. E., 121. *Lester v. R. Co.,* 93 S. C., 395; 76 S. E., 976. *Thomason v. Mfg. Co.,* 95 S. C., 239; 78 S. E., 895. *Bennett v. R. Co.,* 98 S. C., 42; 79 S. E., 710. *Grainger v. R. Co.,* 101 S. C., 73; 85 S. E., 231. *Stelle v. R. Co.,* 103 S. C., 102; 87 S. E., 639.

Although it is alleged in the complaint that the machine was defective, there is not a particle of evidence to sustain this allegation, other than the inference that it must have been defective or it would not have fallen as it did. This, under the authorities cited, is not sufficient to carry the case to the jury.

The plaintiff, who was his only witness, testified:

"I dont know why it came down, unless it was on account of the air. * * * There could be other ways of causing the piston to come down than by pulling the wire, and there might have been at the time, or I wouldn't have got caught in there."

No evidence was offered that a subsequent inspection revealed the cause of the extraordinary movement. The fact that the plunger would not respond to the throttle in the effort to move it upward after the accident proves no more than the fall. The plaintiff's suggestion that the fall was "on account of the air" is not only without evidence to support it, but is negatived by his own statement that another machine supplied with air from the same source was being operated at the time without difficulty. So the cause of the

unexpected dropping of the plunger, according to the testimony of the only witness for the plaintiff, is left to "conjecture, surmise, speculation, or supposition," and whether the injury was or not due to the negligence of the master.

The Green Case, 72 S. C., 398; 52 S. E., 45; 5 Ann. Cas., 165, is, upon this point, more nearly like the case at bar than any that has been brought to our attention; and it appears impossible to differentiate it, or to escape from its binding effect.  It was decided in 1905, and has been cited with approval in each of the dozen cases cited above which have succeeded it.  In that case Green was an engine hostler working in the Greenville yard; he had moved an engine onto a side track which connected with the turntable track when adjusted, and had left it standing there to be inspected before being taken out upon another run.  The nose of the pilot was very near the rim of the turntable, the revolving track upon which was not at the time adjusted to the side track.  It was Green's duty, after the inspection of the engine, to move it backward, away from the turntable, onto the main line.  He mounted the engine for that purpose, and found the lever in forward gear.  He reversed it, putting it in back gear to make the contemplated movement.  Upon the application of the steam, for some unexplained reason, the lever flew forward into forward gear, and the engine went in that direction, falling into the turntable pit and injuring him.  Witnesses for the plaintiff testified that an engine that would so act was in "a very defective condition," "badly out of order," "mighty bad shape."  The plaintiff testified that he did not know what caused the engine to make the eccentric movement; that it could have been caused by any of one of five causes which he named, none of which, however, were shown to have been present.  The Circuit Judge (Judge Ernest Gary) granted a nonsuit, and this Court sustained it, declaring the law to be:

"But when an accident happens by the breaking of a machine in ordinary use, and there is neither proof of de-

fects in the machine nor of error in its use by the servant, the law will not draw first the inference that the machine was defective, and then from that inference infer the lack of care of the master. * * * The rule of reason seems to be that it is not safe to infer latent defect in the machine from the fact of its breaking in what to all seeming is ordinary use. * * * The cause of the accident is purely conjectural. There is no more reason to suppose that it was due to a defect in the machine than to an unconscious error of the plaintiff in its operation, or to some other undiscoverable cause for which neither party was responsible. 'A servant cannot recover where it is merely a matter of conjecture, surmise, speculation or supposition, whether the injury was or was not due to the negligence of the master.' "

In *Steele v. R. Co.*, 103 S. C., 102; 87 S. E., 639, the Court held:

"But it is well settled that, in actions by a servant against his master, the mere proof of an injury raises no presumption of negligence on the part of the master; and that proof of the mere fact that an instrument, appliance or machine furnished by the master broke, while being used in the ordinary way, or that it failed, when operated, to perform the function for which it was designed, is not enough to raise a presumption that it was defective, or that the master was negligent in furnishing it."

In that case it was also held reversible error in refusing the following request to charge:

"The jury are instructed that the mere fact that the instrumentality furnished plaintiff did not perform the work for which it was designed, at any given time, is not sufficient to show negligence on the part of the defendant, Atlantic Coast Line Railroad Company, in furnishing such appliances, nor is the mere fact of the injury sustained by plaintiff, while engaged in the work assigned to him, sufficient to raise the presumption of negligence."

In *Green v. Catawba Co.,* 75 S. C., 102; 55 S. E., 125; 9 Ann. Cas., 1050, it is said:

"The principle is well established that proof of injury to the servant from the failure of the machinery or appliances furnished by the master does not raise the presumption of negligence by the master."

In *Turner v. F. W. Poe Mfg. Co.,* 97 S. C., 112; 81 S. E., 430, the Court says:

"The untoward event which works injury does not of itself raise the presumption of a defective machine, and therefore, of negligence by the master; but there must be other testimony, direct or circumstantial, that the loom injured the weaver because it was defective in its parts and that such defect was the result of the master's neglect."

This is in line with the decisions in the Supreme Court of the United States in *Patton v. R. Co.,* 179 U. S., 658; 21 Sup. Ct., 275; 45 L. Ed., 361, it is said:

"Upon these facts we make these observations: First. That while in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which the absence of some explanation or proof to the contrary is sufficient to sustain a verdict against him, for there is *prima facie* a breach of his contract to carry safely [citing numerous authorities], a different rule obtains as to an employee. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence."

In *Looney v. R. Co.,* 200 U. S., 480; 26 Sup. Ct., 303; 50 L. Ed., 564, it is held, quoting from the syllabus:

"In an action for damages for personal injuries while the defendant has the burden of proof of contributory negligence, the plaintiff must establish the grounds of defendant's liability; and to hold a master responsible a servant must show by substantive proof that the appliances furnished

were defective, and knowledge of the defect or some omission in regard thereto.   Negligence of defendant will not be inferred from the mere fact that the injury occurred, or from the presumption of care on the part of the plaintiff. There is equally a presumption that the defendant performed his duty."

And of the lower Federal Courts:   *Rosney v. R. Co.,* 135 Fed., 313; 68 C. C. A., 155.   *Whitten v. Nevada Power Light & Water Co.* (D. C.), 132 Fed., 786.   *Carnegie Co. v. Byers,* 149 Fed., 669; 82 C. C. A., 115; 8 L. R. A. (N. S.), 677.   *Shandrew v. R. Co.,* 142 Fed., 323; 73 C. C. A., 430.   *Northern R. Co. v. Dixon,* 139 Fed., 740; 71 C. C. A., 555.   *Waters-Pierce Oil Co. v. Van Elderen,* 137 Fed., 571; 70 C. C. A., 255.   *Chicago & N. W. R. Co. v. O'Brien,* 132 Fed., 597; 67 C. C. A., 421.   *Mountain Co. v. Van Buren,* 123 Fed., 62; 59 C. C. A., 279.

The subject is extensively considered by Judge Freeman in a note to 113 Am. St. Rep., 1006, where the same conclusion is reached supported by an array of authorities.   He quotes a very clear statement from the case of *Pierce v. Kile,* 80 Fed., 865; 26 C. C. A., 201, as follows:

"The proof to warrant such inference must be brought forward by him who charges the negligence, and upon whom is the burden of proof.   The inference of negligence cannot be established by conjecture or speculation, or drawn from a presumption, but must be founded upon some established fact."

The case of *Carnegie Steel Co. v. Byers,* 149 Fed., 667; 82 C. C. A., 115; 8 L. R. A. (N. S.), 677, in which the opinion was delivered by Circuit Judge Lurton, afterwards Associate Justice of the United States Supreme Court, is identical in principle and almost in the facts with the case at bar.   The plaintiff was an employee engaged in loading an elevator upon which ladle cars pulled by him from the furnace to the elevator were raised to an upper floor.   After placing a car upon the platform of the elevator, the plaintiff

was to signal another operator to raise the elevator, which was moved by hydraulic pressure, the admission of water being regulated by valves controlled by a lever upon the upper floor.  As he placed one end of a car upon the platform the elevator suddenly raised, throwing the plaintiff down and injuring him.  The sudden movement was due either to the inopportune work of the operator or to a defect in the elevator.  The plaintiff alleged that it was due to a defective valve which permitted the water to pass through it, under pressure, in sufficient quantity to force the elevator up.  The Court held that there was no evidence of the alleged defect; that—

"As between servant and master, there is no presumption of negligence. from the mere proof of the happening of this accident.  *  *  *  There was no substantial evidence from which the jury might reasonably find that this accident was due to negligence.  Its cause is wrapped in doubt and uncertainty.  It may have happened from some cause for which the, defendant was not liable, or from actionable negligence.  It was the duty of the plaintiff to make a case from which a jury might reasonably find negligence. This he did not do."

The plaintiff, however, insists that there was sufficient evidence of negligence in the matter of requiring the plaintiff to level the top of the waste with his hand and in not furnishing him with an implement to do this with to require a submission to the jury.  It is impossible to disconnect these alleged acts of negligence, practically one, from the proximate cause of the injury, the fall of the plunger.  If the, danger resulted from the ordinary operation of the machine, of which the servant was unaware or did not appreciate, to the extent of relieving him from the charge of assumption of risk, there might arise the duty on the part of the, master to provide against it.  But the fall appears to have been a sporadic affair.  It had never occurred before.  The    master    had    no    reasonable

grounds to apprehend that it would concur, and how, under these circumstances, it may be held negligence not to have provided against it, is inconceivable, particularly in view of the failure of the plaintiff to show that it was due to negligence on the part of the master. To hold for the appellant upon this point would amount to this: The defendant may not be liable for the fall of the plunger, but it is liable if it failed to provide against that for which it is not liable.

"The employer is not bound to foresee and give warning of remote, improbable and exceptional occurrences; his duty is limited to such perils as reasonably are to be anticipated." 18 R. C. L., 571.

"In applying this doctrine of reasonable care, it is well held that a master is not liable for injuries to his servant, resulting from an accident of such character that reasonable men, proceeding with reasonable caution, would not ordinarily have foreseen and anticipated it—such an injury happening under very exceptional circumstances—although the proper precautionary measures, if taken, would have prevented it." 4 Thomp. Neg. (1904) § 3774.

"A person is not   *   *   *   answerable at law for a failure to avert or avoid peril that could not have been foreseen by one in like circumstances, and, in the exercise of such care as would be characteristic of a prudent person so situated,   *   *   *   it is not negligence to fail to provide against an accident of such a nature that nobody could have foreseen it, and that no prudence could have anticipated the need of guarding against." 1 La Batt, M. & S. § 142.

The case of *Herbert v. Parham,* 86 S. C., 352; 68 S. E., 564; 35 L. R. A. ( N. S.), 239, involves the same principle that a master cannot be held negligent in not providing against an occurrence as to which he cannot be charged with negligence. The Court, in an opinion by the present Chief Justice, says:

"It is held in *Brands v. St. Louis Car Co.* (Mo.) 18 L. R. A. (N. S.), 701, that a master is not negligent in failing to warn an employee of the danger of an explosion of an emery wheel, which he is set to work, where the danger of explosion is so slight as to relieve him of the charge of negligence in furnishing such wheel."

Perhaps 100 cases are cited in support of the proposition in Decennial Digest, title, Master and Servant, Key-No. 97.

The conclusion announced as to the specification of negligence relating to the failure to provide an implement to level the top of the waste applies equally to the other specifications relating to a safe place to work and the instructions to the plaintiff.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER dissent.

MR. JUSTICE FRASER I cannot concur with Mr. Justice Cothran. It is true that the failure of the machine to act in its usual way is not evidence of negligence. If there is a way in which a back fire may be prevented, or serious consequences avoided, then a reasonably prudent man would take precaution to prevent the injury. There was evidence to show that a stick would have prevented the injury. Was it negligence to fail to provide any safeguards? I think that question should have been presented to the jury.