11930

WILSON v. ATLANTIC COAST LINE R. CO.

(131 S.E., 777)

1. TRIAL.—On motion to direct verdict, construction of evidence most favorable to opponent of motion must be adopted.
2. MASTER AND SERVANT.—Master must exercise reasonable care in furnishing safe place of work, but is not guarantor of safety.
3. MASTER AND SERVANT.—Proof of injury does not raise presumption of negligence on part of master.
4. MASTER AND SERVANT—DIRECTED VERDICT FOR EMPLOYER IMPROPER, WHERE DIFFERENT INFERENCES CAN BE DRAWN FROM EVIDENCE.—In action for injuries by employee, directed verdict for defendant should not be granted, except where Court can say that no other reasonable inference can be drawn from evidence than that master had discharged his duty to servant.

NOTE.—Statutory liability of employers for the negligence of superintendents while participating in the work, see notes in 58 L. R. A., 47; 16 L. R. A. (N. S.), 146.

5. MASTER AND SERVANT—WHETHER FOREMAN CLEARING WRECK
SHOULD HAVE APPRECIATED DANGER TO SECTION HAND HELD QUES-
TION FOR JURY.—In action for injuries to section hand, working with
foreman in clearing wreck, *held* that question of whether foreman,
in exercise of due care, should have appreciated danger, was
properly left to jury.

Before SEASE, J., Sumter, November, 1924. Affirmed.

Action by Wm. Thomas Wilson, by Albert Wilson, his
guardian *ad litem,* against the Atlantic Coast Line Railroad
Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Reynolds & Reynolds* and *Douglas McKay,* for
appellant, cite: *Liability of railroad company for injury
depends on negligence:* 119 S. E., 249; 233 U. S., 492; 58
L. Ed., 1069; 179 U. S., 658; 45 L. Ed., 361; 166 U. S.,
617; 41 L. Ed., 1136.

*Mr. L. D. Jennings,* for respondent, cites: *Person is
liable for probable consequences of his acts:* 101 S. C., 59.
*Appreciation of danger prerequisite to assumption of risk:*
120 S. C., 333; 167 Mass., 69; 44 N. E., 1071; 48 L. R. A.,
542. *Definition of accident; liability for accident:* 107 N.
C., 978; 76 N. C., 320; 72 Iowa, 709; 8 Wend. (N. Y.),
469; 30 Pa., 247; 30 U. S., 100; 1 C. J., 390; 1 A. & E.
Enc. of L. (2nd Ed.), 272.

March 5, 1926.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages on account of personal injury sus-
tained by the plaintiff, an employee of the defendant, while
engaged in clearing a wreck. The plaintiff had a verdict of
$1,500, and the defendant has appealed, alleging error solely
in the refusal of the Circuit Judge to direct a verdict in its
favor.

In disposing of such a motion the construction of the
evidence most favorable to the plaintiff or party op-
posed to the motion must be adopted. In this view
of the case, the circumstances attending the injury must

be thus stated: The plaintiff was a section hand working under a foreman named Deal. An engine had jumped the track. The wheels on one side remaining on the rail, and those on the other side pressing against what is called the "web" of the rail, the thin part or stem of the T rail between the base and the ball part upon which the wheels run. This pressure outward, produced a bow of the rail and a consequent spring in it, attached as it was at both ends, to the adjoining rails by means of angle bars, bolted at the junction points. The plaintiff was assisting the foreman in freeing the rail. The bolts had been withdrawn from the angle bars leaving them in position. The plaintiff was sent by the foreman for a cold chisel to cut the "bond wire," a wire connected with the electric signal system, which connected the end of one rail with that of the next one, but which had nothing to do with holding the rails in place. The foreman took the cold chisel from the plaintiff, and, in cutting it loose, released the outward pressure against the rail, the end of which catapulted the angle bar upward, striking the plaintiff, who was standing just behind the foreman, on the head, inflicting the injury of which he complained.

The master is chargeable with the duty of exercising reasonable care in furnishing the servant with a safe place in which to work; he is not a guarantor of such safety. *Seaboard Air Line R. Co. v. Horton*, 34 S. Ct., 635; 233 U. S., 492; 58 L. Ed., 1062; L. R. A., 1915-C, 1; Ann. Cas., 1915-B, 475. The proof of an injury does not raise the presumption of negligence on the part of the master. *Holmes v. Davis*, 119 S. E., 249; 126 S. C., 231. A motion for a directed verdict in such cases should not be granted except where the Court can say that no other reasonable inference can be drawn from the evidence than that the master has discharged his duty to the servant.

In the case at bar it is very certain that the weight of the engine against the rail which was fastened at each end to the adjoining rails, created a spring in the rail.

It is equally certain that the catapulting of the angle bar could only have been produced by the release of one end of the rail. These conditions were obvious to the foreman, and the question is whether in the exercise of due care he should have appreciated that situation and acted in view of it. That he did not appreciate the fact that, if the pressure should be released at one end of the rail the spring in the rail would have produced the result which it unquestionably did, is manifest, for he was naturally interested in taking care of himself as well as of the plaintiff. But in the light of what did happen, it was properly left to the jury to decide whether in the exercise of due care, he should have appreciated the condition which was before him.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.